ROSE LAVOIE ET AL. *v.* HELEN R. ANTUPIT ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 13—decided December 18, 1951

*Cyril Coleman,* for the appellant (defendant Meyer).

A. *Arthur Giddon,* with whom, on the brief, were *Morton E. Cole* and *Cyril Cole,* for the appellee (named plaintiff).

BROWN, C. J.   The plaintiff brought this action to recover for personal injuries sustained by a fall alleged to have been caused by the defendants' negligence in failing to remedy the slippery condition of a private walk due to pieces of fruit or other debris thereon. On April 20, 1943, the defendant Antupit had for some time been the owner of an apartment house at Park Street and Rowe Avenue in Hartford.   There was a single store in the building, occupying the corner of the first floor nearest the street intersection.   The store was leased to the defendant Meyer.   He conducted it as a market and grocery.   The private walk led from Rowe Avenue to the store door.   The jury rendered a verdict for the plaintiff to recover of the defendant Meyer, and in favor of the defendant Antupit.   The court denied the motion of the defendant Meyer, hereinafter called the defendant, to set aside the verdict against him and he has appealed.

The jury could have found these further facts: Paralleling the avenue and at right angles to the private walk, a worn dirt path extended along the side of the building.   Tenants of the apartments, in going to and from Park Street, and at times in going to and from the defendant's store, used this path as a short cut from the walk which led from their rear doorways to the avenue. On the afternoon of the day stated, the plaintiff, a woman of fifty-seven years, entered the defendant's

store by way of the private walk from Rowe Avenue. There were several pieces of orange scattered across the width of the walk when the plaintiff walked to the store door and entered it. After making a purchase she came out and had proceeded on the private walk toward the avenue some three steps when she slipped on one of the pieces of orange and fell, sustaining the injuries complained of. The only evidence as to the defendant's lease was that it was oral and ran from month to month. The defendant swept the private walk every morning. A principal contested issue of fact at the trial was whether the plaintiff fell on the private walk, as she claimed, or on the public sidewalk on Rowe Avenue at a point a short distance from the junction of the two walks, as contended by the defendant. Upon the conflicting testimony the jury were warranted in determining this question in favor of the plaintiff.

The defendant urges that the court erred on two grounds in denying his motion to set aside the verdict for the plaintiff, first, because there was not sufficient evidence to go to the jury on the issue of the defendant's control of the private walk, and second, that the same was true as to the issue of notice. The court's memorandum of decision on the motion to set aside the verdict expressly states that only the former ground was claimed by the defendant in support of the motion. Our consideration of the appeal is therefore confined to this issue. Practice Book § 363; Maltbie, Conn. App. Proc., § 44; *Gustave Fischer Co.* v. *Morrison*, 137 Conn. 399, 404, 78 A. 2d 242; *Federal Finance Co.* v. *Forman Properties, Inc.*, 135 Conn. 153, 158, 62 A. 2d 516. Since there was no evidence of the express terms of the lease, whether there was an implied agreement as to the control of the private walk presented "a question of fact, essentially dependent upon the question of intention, to be determined in the light of all of the

significant circumstances." *Martel* v. *Malone*, 138 Conn. 385, 390, 85 A. 2d 246, and cases cited. One circumstance indicative of control in the defendant was the fact that he swept the walk daily. *Miller* v. *Mutual Mortgage Co.*, 112 Conn. 303, 306, 152 A. 154. Another bit of evidence of at least some significance was the defendant's reference in his testimony to the walk as "my private walk." And most important of all was the physical layout of the property. The evidence shows that this walk was designed and intended to serve the defendant's store only and no other part of the building. See *Miller* v. *Mutual Mortgage Co.*, supra. Nor does the fact that occasionally tenants of the apartments utilized the walk or part of it in patronizing the store affect the situation. In so doing they used it in their individual capacity and not in the exercise of any right which they might have as tenants. *Farguet* v. *DeSenti*, 110 Conn. 367, 370, 148 A. 139. The evidence warranted the jury in finding that control of the walk was in the defendant.

There is no error.

In this opinion the other judges concurred.