LEODORE A. RICKEY *v.* E. H. JACOBS MANUFACTURING
COMPANY, INC.

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued June 9—decided June 21, 1955

*Ralph C. Dixon,* with whom was *C. Duane Blinn,* for the appellant (defendant).

*Charles V. James,* for the appellee (plaintiff).

PHILLIPS, J. The only evidence on liability was the testimony of the plaintiff. The defendant, without submitting evidence, made a motion for a di-

rected verdict which the court denied. The jury returned a verdict for the plaintiff, and the defendant moved that it be set aside. It also moved for judgment in accordance with its motion for a directed verdict. Practice Book § 234. The court denied these motions and the defendant has appealed from this action and from the judgment on the verdict. In this situation it was unnecessary to appeal both from the denial of the motions and from the judgment, as an appeal from the latter includes any error in the court's action on the motions. Practice Book § 377; *Lengel* v. *New Haven Gas Light Co.*, 142 Conn. 70, 73, 111 A.2d 547.

On February 19, 1947, the plaintiff, as a driver for an agent of a railway express company, was engaged in the delivery by truck of certain articles consigned to the defendant at its premises in Danielson. He gained access to the defendant's receiving room by a side entrance and proceeded to open from the inside a big front door through which he intended to deliver the goods. The door was an overhead one and was opened by grasping a handle and pushing the door up. It was metal or wood for three or four feet from the bottom. Above the solid portion were small panes of glass in sections.

The jury could reasonably have found these further facts: The plaintiff grasped the handle, pushed the door up and "figured it was up." He put it up as far as possible. It started down. He heard and saw it and put his hand on the solid part but the door kept coming down and his hand slid into the glass, breaking one of the panes. His wrist was cut.

The plaintiff was an invitee, and the defendant could be held liable only if it failed to exercise reasonable care to have its premises safely constructed and maintained and to guard against sub-

jecting the plaintiff to dangers of which it was cognizant or which it might reasonably have anticipated. *Smith* v. *Union & New Haven Trust Co.*, 121 Conn. 369, 371, 185 A. 81. There was no evidence that the door was not properly balanced or that it was otherwise defective so that it would close after being pushed up. The plaintiff admitted that the door might come down if it were put back too far or not far enough. When the door came down, it set in motion a train of circumstances which resulted in the plaintiff's hand going through the glass. Since there was no evidence of a defect in the door which caused it to come down, the defendant was not put on notice of a risk to invitees by reason of the lack of a screen over the glass in the door. It was not guilty of any breach of its duty to the plaintiff as defined above. The court should have granted the defendant's motions.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant in accordance with its motion for a directed verdict.

In this opinion the other judges concurred.