ARMOND R. PIETRORAZIO *v.* OLINDO SANTOPIETRO ET AL.

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued October 8—decision released December 8, 1981

---

*Harvey F. Wachsman,* with whom was *Kathryn M. Wachsman,* for the appellant (plaintiff).

*Gregory C. Willis,* for the appellee (named defendant).

*Ronald D. Williams,* for the appellee (defendant Robert H. Sturman).

SHEA, J. In this medical malpractice action, the jury returned a verdict for both defendants. The plaintiff appeals from the judgment rendered on the verdict, claiming that the verdict was against the weight of the evidence and that several rulings of the court pertaining to the admissibility of testimony were erroneous.

The jury could reasonably have found the following facts: The plaintiff was admitted to the hospital on January 22, 1976, by the defendant Olindo Santopietro, his internist, for evaluation of back and leg pain. Santopietro did not perform a complete baseline neurological examination, nor did he arrange for a specialist to perform such an examination that day. On January 23, Santopietro asked the codefendant Robert H. Sturman, a neurosurgeon, for a consultation. Sturman examined the plaintiff on January 23, but withdrew from the case on January 24. On January 28, A. Roger Bobowick, a neurologist, examined the plaintiff and ordered a myelogram, which was not successfully

completed until January 30. The myelogram indicated surgery was required, and a laminectomy was performed that day to relieve compression of a disc on the plaintiff's nerve roots. The plaintiff sustained neurologic damage, paraparesis, bilateral footdrop and low back pain following the laminectomy.

The plaintiff failed to file a motion to set aside the verdict in accordance with Practice Book § 320[1] and General Statutes § 52-228b.[2] We must consider the effect of this omission before undertaking a discussion of the merits of the issues raised by the plaintiff in this appeal. The failure to file such a motion does not affect the jurisdiction[3] of this court

---

[1] Practice Book § 320 provides as follows: "Motions in arrest of judgment, whether for extrinsic causes or causes apparent on the record, motions to set aside a verdict and motions for new trials, unless brought by petition served on the adverse party or parties, must be filed with the clerk within five days after the day the verdict is accepted or judgment rendered, exclusive of such days as the clerk's office is not required to be open for at least two hours; provided that for good cause the court may extend this time. The clerk shall notify the trial judge of such filing. Such motions shall state the specific grounds upon which counsel relies."

[2] General Statutes § 52-228b provides in part as follows: "No verdict in any civil action involving a claim for money damages shall be set aside except on written motion by a party to the cause, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court."

[3] The defendants previously moved to dismiss this appeal upon the grounds (1) that the plaintiff's appeal "from Superior Court Judicial District of New Haven at New Haven, Connecticut" was not taken from a final judgment; and (2) that the failure to file a motion to set aside the verdict barred his appeal to this court. We concluded that the deficiency in the form of the appeal did not render it void; *Lengel* v. *New Haven Gas Light Co.*, 142 Conn. 70, 75, 111 A.2d 547 (1955); and that the failure to move to set aside the verdict did not affect the right to appeal from a judgment which had become final.

Our denial of the motion to dismiss, however, is not dispositive of whether the plaintiff is entitled to review of the particular errors claimed. Not infrequently we refuse to consider claims of error

over the appeal, because the acceptance of the jury verdict at the time it is rendered is deemed to constitute a final judgment; *Grzys* v. *Connecticut Co.,* 123 Conn. 605, 607n, 198 A. 259 (1938); *Hull* v. *Thoms,* 82 Conn. 386, 391, 73 A. 793 (1909); unless a motion to set aside is later filed. *Tough* v. *Ives,* 159 Conn. 605, 606, 268 A.2d 371 (1970). General Statutes § 52-263[4] expressly authorizes an appeal to this court from any final judgment except those specifically excluded. See *Rickey* v. *E. H. Jacobs Mfg. Co.,* 142 Conn. 495, 496, 115 A.2d 336 (1955).

Under our practice it has long been thought essential to move to set aside a verdict in order to obtain appellate review of a claim that the evidence was insufficient to support the verdict. *Gordon* v. *Feldman,* 164 Conn. 554, 557, 325 A.2d 247 (1973); *Warner* v. *Pandolfo,* 143 Conn. 728, 729, 122 A.2d 738 (1956); *State* v. *Schofield,* 114 Conn. 456, 459, 159 A. 285 (1932); *Kast* v. *Turley,* 111 Conn. 253,

which have not been properly preserved in the trial court. The failure to raise a certain claim upon appeal does not defeat the jurisdiction of an appellate court to consider such matters as the jurisdiction of the trial court; *Salamandra* v. *Kozlowski,* 173 Conn. 136, 139, 376 A.2d 1103 (1977); alleged deprivations of constitutional rights; *State* v. *Evans,* 165 Conn. 61, 69–70, 327 A.2d 576 (1973); or "plain error." Practice Book § 3063. The denial of the motion to dismiss in this case signified only that a motion to set aside a verdict is not a prerequisite to an appeal, although its absence may limit the extent of the appellate review afforded.

[4] General Statutes § 52-263 provides: "APPEALS FROM SUPERIOR COURT. Upon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal from the final judgment of the court or of such judge, or he may appeal from the decision of the court granting a motion to set aside a verdict, except as provided in sections 51-164t, 51-164v and 51-197b. Such appeal shall be taken to the supreme court."

260–61, 149 A. 673 (1930); *State* v. *Frost,* 105 Conn. 326, 331, 135 A. 446 (1926). A compelling reason for this view is the great weight accorded on appeal to the action of the trial court upon the motion. *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352 (1954); *State* v. *Chin Lung,* 106 Conn. 701, 704–705, 139 A. 91 (1927); *Bissell* v. *Dickerson,* 64 Conn. 61, 72, 29 A. 226 (1894). On the other hand, where the basis of the appeal is a ruling of the trial court claimed to be erroneous, commentators have opined that it is unnecessary for an appellant to move to set aside the verdict, because the original ruling is the real gravamen of the appeal and to assign error in the denial of a motion to set aside grounded upon the same ruling is simply redundant. 2 Stephenson, Conn. Civ. Proc. (2d Ed.) § 205 (d); James & Hazard, Civil Procedure (2d Ed.) § 7.17.

We need not decide whether this analysis is consistent with our practice prior to the adoption of the statute relied upon by the defendants. Practice Book § 3063; see *Lavoie* v. *Antupit,* 138 Conn. 422, 424, 85 A.2d 900 (1951); cf. *Munson* v. *Atwood,* 108 Conn. 285, 288, 142 A. 737 (1928). The enactment in 1965 of General Statutes § 52-228b, which declares that "[n]o verdict in any civil action involving a claim for money damages shall be set aside except on written motion by a party to the cause . . . " is applicable to this case and is controlling. The evident purpose of the statute is to provide an opportunity for the trial court to pass upon claims of error which may become the subject of an appeal. This procedure is not a mere superfluity with respect to rulings made at trial, as suggested by the commentators. The opinion of the trial court with respect to the error claimed may dissuade a prospective appellant from pursuing an unmeritorious

appeal and also may be helpful to the appellate court, particularly with respect to evaluating the effect of a ruling upon a verdict. See *Munson* v. *Atwood,* supra, 289. The first-hand perception of the atmosphere of a trial available to the court below, which we have regarded as highly significant in deciding claims related to the sufficiency of the evidence, may be equally valuable in assessing the importance of rulings during a trial.

To require a written motion to set aside a verdict as a prerequisite to consideration on appeal of trial rulings assigned as error as well as for review of insufficiency of the evidence claims is no marked deviation from current practice, since trial counsel often file such motions as a matter of course immediately following the rendition of an adverse verdict. See 2 Stephenson, Conn. Civ. Proc. (2d Ed.) § 202. This requirement also serves to implement our policy against review of questions not distinctly raised in the trial court. Practice Book § 3063. Even where a claim of error has been sufficiently preserved for appellate review it is seldom that its articulation in the heat of trial approaches the clarity and thoroughness of the presentation at a post-trial motion. The statute was designed to afford the trial court a full opportunity to redress any errors which may have occurred at trial before the appellate process is begun.

Our conclusion that a motion to set aside a verdict is essential for a full review of claims of error in civil jury cases seeking money damages limits our consideration of the issues raised in this appeal to ascertaining whether there has been "plain error." Practice Book § 3063. "The supreme court may in the interests of justice notice plain error

not brought to the attention of the trial court." Practice Book § 3063; *Levine* v. *Randolph Corporation*, 150 Conn. 232, 243, 188 A.2d 59 (1963); *Columbus Industrial Bank* v. *Miller*, 125 Conn. 313, 315–16, 6 A.2d 42 (1939); *Sellew* v. *Middletown*, 121 Conn. 331, 334, 185 A. 67 (1936); *Stevens* v. *Neligon*, 116 Conn. 307, 311, 164 A. 661 (1933).

None of the plaintiff's claims qualifies for the exercise of our discretionary authority under this rule. His main contention regarding the sufficiency of the evidence, that the failure of the defendants to follow the established standards of care for their medical specialties had been proved as a matter of law, is highly questionable. Even if it were sound, there would remain the major issue of whether an earlier operation upon the plaintiff would have left him with less adverse consequences. It is not disputed that there was testimony which the jury might reasonably have credited that the delay of approximately one week had no appreciable effect upon the plaintiff's condition.

With respect to the rulings upon evidence relied upon by the plaintiff, aside from his failure to file a motion to set aside, his brief does not conform to the requirement of Practice Book § 3060F (c) (3) that the pertinent question, ground of admissibility or objection, answer, if any, and any exception be set forth. This omission creates many difficulties in identifying the particular ruling involved. The plaintiff's claims of error relate mainly to rulings made during the qualification of his expert witnesses, but it appears that all of his experts who came to court were ultimately allowed to give their opinions as sought by the plaintiff. His claim that he was so discouraged by the rulings made by the

court during his attempt to qualify those experts that he did not produce two others whom he had planned to use is supported by nothing in the record. We have not discovered anything in our limited study of these rulings which even remotely approaches the "plain error" category.[5]

There is no error.

In this opinion the other judges concurred.

---

[5] It must not be inferred from the fact that we have based our opinion on "plain error" that explicitly addressing all the plaintiff's claims would produce a different result; in fact, our review indicates the outcome would be the same.