ZBIGNIEW S. ROZBICKI *v.* RICHARD PELLETIER
(2395)

TESTO, DUPONT and BORDEN, Js.

Argued April 3—decision released June 5, 1984

*William A. Conti,* for the appellant-appellee (plaintiff).

*Lester Katz,* with whom, on the brief, was *Steven L. Seligman,* for the appellee-appellant (defendant).

PER CURIAM. This is a negligence action seeking damages for personal injuries. The plaintiff was injured when his car hit the rear of the defendant's car. The plaintiff alleges that the defendant was negligent in stopping his car on the highway when it had no lights and no operating turn signal. A jury returned a verdict for the defendant. The plaintiff did not move to set aside the verdict. The plaintiff, on appeal,[1] claims

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

error in the failure of the trial court to give two charges to the jury as requested by him. The defendant has cross appealed from the denial of his motion for a summary judgment, from the denial of his motion for a directed verdict, and from the failure of the trial court to submit one of his special defenses to the jury.[2]

The plaintiff failed to file a motion to set aside the verdict. That failure does not disturb his right to appeal but limits appellate review to the ascertainment of whether there has been "plain error." Practice Book § 3063; *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 513–16, 441 A.2d 163 (1981). Nothing in the record, briefs or transcripts even approaches a clear error or an error involving a vital issue.

Coupled with the lack of a motion to set aside the verdict, is the failure of the plaintiff to comply with Practice Book § 3060F (c) (1). He claims error in the trial court's failure to give the charges which he requested and, yet, has not included in the record or in his brief, a verbatim statement of the charges as requested and as given, nor has he narrated the evidence which he claims would entitle him to his requested charges. Based upon a review of the record, there appears to be no reason to disregard the practice book rule and, therefore, the claimed error is not reviewed. *Cahill* v. *Board of Education,* 187 Conn. 94, 98, 444 A.2d 907 (1982).

The claimed failure to charge on the effect of headlights on dark objects or on the ability of an operator of a car with proper lights to see an object at a distance of 200 feet, relates to the defendant's allegations that the plaintiff himself was negligent. The verdict was a general one and it is assumed that the jury found every issue for the defendant. *Colucci* v. *Pinette,* 185 Conn.

---

[2] In view of the decision of this court, the issues of the cross appeal are moot and are not considered.

483, 489, 441 A.2d 574 (1981); *Yeske* v. *Avon Old Farms School, Inc.,* 1 Conn. App. 195, 197, 470 A.2d 705 (1984). The jury's verdict might have been premised upon either the absence of any negligence of the defendant or the presence of negligence of the plaintiff in excess of fifty percent. If the verdict was based upon the former, the jury would not reach the factual issues raised in the requested charges.

There is no error.