JOHN A. EAGAR ET AL. *v.* HARRIETT D. BARRON (EXECUTRIX, ESTATE OF ALSTON L. EAGAR) (2920)

HULL, DUPONT and SPALLONE, Js.

Argued June 7—decision released August 28, 1984

---

*Marilyn K. Dirks,* for the appellant-appellee (defendant).

*Bertlen F. Turner,* for the appellee-appellant (plaintiff Anne E. Eagar).

SPALLONE, J. This is an appeal[1] by the defendant, in an action to collect child support payments. The jury returned a verdict in favor of the plaintiff Anne E. Eagar.[2] The defendant's motion to set aside the verdict was denied by the court. A cross appeal was filed by the plaintiff challenging the jury's computation of interest.

On October 1, 1947, the Probate Court for Berkshire County in the Commonwealth of Massachusetts granted a decree of divorce to the plaintiff dissolving her marriage to Alston L. Eagar, the defendant's decedent. Under the provisions of the decree, Alston L. Eagar was ordered to pay child support in the amount of $15 per week for the two minor children, John A. Eagar, born December 9, 1938, and Ellen B. Eagar, born January 18, 1947. This obligation was to continue from October 1, 1947, until January 18, 1968, when the younger child reached the age of majority.

On March 31, 1979, the plaintiff's former husband, Alston L. Eagar, died testate in Granby, Connecticut. His last will and testament was submitted for pro-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] In the original action, the children and their mother sought recovery of the support payments in separate counts of the complaint. The defendant moved to strike the children from the action on the ground that the mother was the sole party able to enforce child support rights. The motion was granted by the court and an amended complaint was filed. The mother, Anne E. Eagar, is the plaintiff in this action.

bate, duly approved and admitted on July 3, 1979. The defendant, Harriett D. Barron, was duly approved and qualified as executrix under the terms of the will. The plaintiff presented a claim against the decedent's estate in the amount of $11,920, alleging that the decedent had paid only $3905 towards a total child support obligation of $15,825. The claim was disallowed by the defendant in her capacity as executrix.

The plaintiff then filed an action against the defendant executrix in the Superior Court in Hartford to collect the past support payments which she claimed were due. The defendant answered and filed special defenses of an equitable statute of limitations and laches. On August 12 and 13, 1982, the matter was tried to a jury. The jury returned a verdict for the plaintiff and awarded damages in the amount of $6420 plus 6 percent interest. The court instructed the jury to return to its deliberations and to fix a dollar amount of interest. Thereafter, the jury returned and the court accepted a verdict in the amount of $6805.20. The defendant filed a motion to set aside the verdict on the grounds that it was contrary to the law, against the evidence and excessive. The motion was denied.

The defendant claims that the trial court erred (1) in finding that the plaintiff had met her burden of proof by a fair preponderance of the evidence; (2) in failing to find for the defendant on the basis of an equitable statute of limitations; and (3) in failing to find for the defendant on the basis of laches.

The defendant's first claim of error, that the plaintiff did not meet her burden of proof by a fair preponderance of the evidence, is without merit. There was evidence presented to support the verdict in favor of the plaintiff. Whether such evidence is sufficient is a question for the jury to decide. *State* v. *Scielzo*, 190 Conn. 191, 197, 460 A.2d 951 (1983). The judge decides

whether there is any evidence to support the verdict. *Berndston* v. *Annino,* 177 Conn. 41, 44, 411 A.2d 36 (1979). It is also within the province of the jury to determine credibility and the effect to be given the testimony. *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981); *State* v. *Grant,* 177 Conn. 140, 142, 411 A.2d 917 (1979); *Robben* v. *Hartford Electric Light Co.,* 1 Conn. App. 109, 114, 468 A.2d 1266 (1983). Moreover, it is the jury's right to consider evidence, draw logical deductions and make reasonable inferences from facts proven. *State* v. *Schoenbneelt,* 171 Conn. 119, 126, 368 A.2d 117 (1976); *Dacey* v. *Connecticut Bar Assn.,* 170 Conn. 520, 540, 368 A.2d 125 (1976). The jury decides questions of fact. *Gaulton* v. *Reno Paint & Wallpaper Co.,* 177 Conn. 121, 127, 412 A.2d 311 (1979). It may accept or reject the testimony of any witness; *Zarembski* v. *Three Lakes Park, Inc.,* 177 Conn. 603, 608, 419 A.2d 339 (1979); and determine the weight to be given the evidence. *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978). The amount of damages to be awarded is a matter particularly within the province of the jury. *Fox* v. *Mason,* 189 Conn. 484, 489, 456 A.2d 1196 (1983); *Kiniry* v. *Danbury Hospital,* 183 Conn. 448, 461, 439 A.2d 408 (1981). We find no merit to the defendant's assertion that the plaintiff failed to meet her burden by a fair preponderance of the evidence.

The defendant's averment of error in failing to find for the defendant on her special defenses of an equitable statute of limitations and laches is also without merit. The trial court properly charged the jury on the elements of these special defenses. The defendant did not object to the charge and is precluded from attacking the charge at this time. Practice Book § 315; *Thomas* v. *Katz,* 171 Conn. 412, 413–14, 370 A.2d 978 (1976); *Giglio* v. *Hamilton Heights, Inc.,* 1 Conn. App. 165, 169, 469 A.2d 416 (1984). After being properly charged as to these special defenses, the jury returned

a general verdict in favor of the plaintiff. A general verdict for the plaintiff imports that the jury resolved all of the disputed issues in favor of the plaintiff. *Tetro* v. *Stratford,* 189 Conn. 601, 610, 458 A.2d 5 (1983); *Carlson* v. *Connecticut Co.,* 95 Conn. 724, 729, 112 A. 646 (1921).

In her cross appeal, the plaintiff challenges the jury's computation of the interest due in accordance with its award. After being sent back to compute the interest, the jury returned a verdict which was accepted by the court in the amount of $6805.20. The plaintiff did not thereafter file a motion to set aside the verdict, nor did she file any other post-trial motions. Such failure of the plaintiff timely to object limits us to the standard of plain error. Practice Book § 3063; *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 513–16, 441 A.2d 163 (1981); *Rozbicki* v. *Pelletier,* 2 Conn. App. 87, 88, 476 A.2d 1069 (1984). We are unable to reach the conclusion that the trial court committed plain error. Where the verdict is a general one, the actual basis for the jury's decision must remain unknown. *Duley* v. *Plourde,* 170 Conn. 482, 487, 365 A.2d 1148 (1976). We are precluded from delving into the minds of the jurors in order to ascertain the basis and the rationale underlying their decision.

There is no error on either appeal.

In this opinion the other judges concurred.