### TECLA POLCE ET AL. *v.* STOP & SHOP COMPANIES, INC. (2706)

BORDEN, FRACASSE and NORCOTT, Js.

Argued February 28—decision released May 14, 1985

*Alan G. Schwartz,* with whom, on the brief, were *Jeremy G. Zimmerman* and *Jeanette C. Schreiber,* for the appellant (defendant).

*Bruce D. Jacobs,* with whom, on the brief, was *Stanley A. Jacobs,* for the appellees (plaintiffs).

FRACASSE, J. This is an action for damages resulting from injuries sustained by the plaintiff Tecla Polce while on the premises of the defendant, Stop & Shop Companies, Inc.; the plaintiff Valentino Polce sought damages for loss of consortium. The matter was tried to a jury and judgment was rendered in favor of the plaintiffs. The defendant appealed claiming the court erred in its charge to the jury.

The defendant claims that the court erred by failing to instruct the jury (1) that the defendant's responsibility to compensate the plaintiffs is limited if the plain-

tiff's disability arose from a subsequent accident, and (2) that the defendant had no responsibility for those injuries attributable to a preexisting condition.

The record indicates that the defendant failed to file a motion to set aside the verdict as required by Practice Book § 320 or § 3000. Such failure limits our review to the standard of plain error. Practice Book § 3063; *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 513–16, 441 A.2d 163 (1981); *Denby* v. *Voloshin Cadillac, Inc.,* 3 Conn. App. 181, 183, 485 A.2d 1360 (1985); *Eagar* v. *Barron,* 2 Conn. App. 468, 472, 480 A.2d 576 (1984); *Rozbicki* v. *Pelletier,* 2 Conn. App. 87, 88, 476 A.2d 1069 (1984). Examination of the record gives no indication of plain error; the charge as given, relating to disabilities claimed to arise from a subsequent accident and relating to injuries claimed to be attributable to a preexisting condition, was correct in law, adapted to the evidence and issues and sufficient to guide the jury.

There is no error.

In this opinion the other judges concurred.