ANTHONY KOLICH, ADMINISTRATOR (ESTATE OF BARBARA MAINTANIS) *v.* JAMES F. SHUGRUE, COMMISSIONER OF TRANSPORTATION (12205)

GEORGE MAINTANIS *v.* JAMES F. SHUGRUE, COMMISSIONER OF TRANSPORTATION (12206)

SHEA, DANNEHY, SANTANIELLO, CALLAHAN and F. HENNESSY, Js.

Argued November 8, 1985—decision released January 14, 1986

*Richard Bieder* and *Robert J. Nicola,* with whom were *Joan Harrington* and, on the brief, *Kevin L. Burns,* for the appellants (plaintiff in each case).

*Arnold J. Bai,* with whom was *Garie J. Mulcahey,* for the appellee (defendant in both cases).

SANTANIELLO, J. These appeals[1] raise the question whether a party suing the state under General Statutes § 13a-144 must prove that the alleged defect in the state highway was the sole proximate cause of his injuries. The plaintiffs, George Maintanis and Anthony Kolich, the administrator of the estate of Barbara Maintanis, brought separate suits against the state alleging that the state negligently constructed and maintained its highways. The cases were consolidated for trial, and in each case the jury returned a verdict in favor of the state. The court rendered judgments in accordance with the verdicts, and the plaintiffs subsequently appealed. We find no error.

On August 7, 1977, at approximately 2 a.m., George and Barbara Maintanis were traveling westbound on the Connecticut turnpike in Milford when their car was struck by a van. The car swerved off the highway and

---

[1] These appeals were not consolidated pursuant to Practice Book § 3002. Because they present identical issues and share a common procedural history, however, we discuss their merits together.

crashed into the median divider. Barbara Maintanis was killed and George Maintanis was injured. There was evidence that the guardrail which their car struck was improperly secured and may have contributed to their injuries. There was also evidence that George Maintanis, who was driving, was intoxicated at the time of the accident.

Both plaintiffs brought suit against the state alleging that the state negligently constructed and maintained the guardrail on the turnpike and that the defect proximately caused their injuries. The state's liability was predicated on General Statutes § 13a-144.[2] After the case went to trial and the evidence was presented, the plaintiffs requested that the court instruct the jury that if the highway was defective and that defect was "a substantial factor" in causing the plaintiffs' injuries, then it must return a verdict in their favor. Instead, the court instructed the jury that it was the plaintiffs' burden to show that the defective highway was "the sole proximate cause" of their injuries. The jury returned verdicts in favor of the state and the court rendered judgments accordingly. Neither plaintiff moved to have the verdict against him set aside.

On appeal, the plaintiffs argue that the trial court erred in its instruction to the jury on proximate cause.[3]

[2] General Statutes § 13a-144 provides in part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. . . ."

[3] Both plaintiffs originally presented two issues for review: (1) whether the trial court erred in its instruction to the jury on sole proximate cause; and (2) whether the trial court should have instructed the jury on superseding and intervening causes. The second issue is really subsumed in the plain-

Both plaintiffs, however, failed to file a motion to set aside the verdict in accordance with Practice Book § 320 and General Statutes § 52-228b.[4] It is an established rule of appellate practice in this state that in order to obtain a full review of claims of error in civil jury cases, parties must raise those errors with the trial court and file a motion to set aside the verdict. *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 513–16, 441 A.2d 163 (1981) (claimed errors involving the sufficiency of evidence and admissibility of testimony); *Gordon* v. *Feldman,* 164 Conn. 554, 557, 325 A.2d 247 (1973) (sufficiency of evidence); *Warner* v. *Pandolfo,* 143 Conn. 728, 729, 122 A.2d 738 (1956) (sufficiency of evidence); *Polce* v. *Stop & Shop Cos.,* 4 Conn. App. 18, 19, 492 A.2d 206 (1985) (charge to the jury); *Denby* v. *Voloshin Cadillac, Inc.,* 3 Conn. App. 181, 183, 485 A.2d 1360, cert. dismissed, 196 Conn. 802, 491 A.2d 1105 (1985) (directed verdict); *Eagar* v. *Barron,* 2 Conn. App. 468, 472, 480 A.2d 576 (1984) (computation of interest on award); *Rozbicki* v. *Pelletier,* 2 Conn. App. 87, 88, 476 A.2d 1069 (1984) (charge to the jury); see General Statutes § 52-228b. The purpose of the rule is to provide the trial court with an opportunity to pass on claims of error which may become the subject of an appeal. Even if the issue was raised during the course

tiffs' primary claim as to proximate cause. We fail to see how the trial court could consistently instruct the jury that the defect in the highway must be the *sole* proximate cause of the injuries while at the same time instructing them on superseding and intervening causes.

[4] Practice Book § 320 provides in part: "Motions in arrest of judgment, whether for extrinsic causes or causes apparent on the record, motions to set aside a verdict and motions for new trials . . . must be filed with the clerk within five days after the day the verdict is accepted or judgment rendered . . . . Such motions shall state the specific grounds upon which counsel relies."

General Statutes § 52-228b provides in part: "No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court. . . ."

of a trial and the party has properly preserved the issue for review, the trial court should be given "a full opportunity to redress any errors which may have occurred at trial before the appellate process is begun." *Pietrorazio* v. *Santopietro,* supra, 515.

The plaintiffs' failure to file a motion to set aside the verdict limits our review in these cases to ascertaining whether there has been "plain error." Practice Book § 3063; *Pietrorazio* v. *Santopietro,* supra. "Practice Book § 3063 provides that this court 'may in the interest of justice notice plain error not brought to the attention of the trial court.' Such review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985).

Reviewing the record and arguments presented in these appeals, we conclude that it was not plain error for the trial court to have instructed the jury as it did. The trial court's instruction on causation was in accordance with a long line of decisions holding that parties suing the state under General Statutes § 13a-144 must prove that the defective highway was the sole proximate cause of their injuries. See *Foster* v. *Waterford,* 186 Conn. 692, 695, 443 A.2d 490 (1982); *Lukas* v. *New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981); *Donnelly* v. *Ives,* 159 Conn. 163, 167, 268 A.2d 406 (1970); *Pape* v. *Cox,* 129 Conn. 256, 259, 28 A.2d 10 (1942); *Roth* v. *MacDonald,* 124 Conn. 461, 463–64, 200 A. 725 (1938). The plaintiffs argued to the trial court that it should disregard this formidable array of precedent. The trial court, by ruling against the plaintiffs and following the established rule of law, can hardly be said to have committed "plain error."

The plaintiffs have made the additional argument that General Statutes § 52-228b is unconstitutional because it impermissibly restricts the jurisdiction of this court over cases otherwise properly before it. In *Pietrorazio* v. *Santopietro,* supra, we relied on § 52-228b to establish the rule, set out above, limiting our review in cases where the parties did not file a motion to set aside the verdict. Our jurisdiction to hear cases, however, is not in any way restricted by this rule or by § 52-228b. "The failure to file [a motion to set aside the verdict] does not affect the jurisdiction of this court over the appeal, because the acceptance of the jury verdict at the time it is rendered is deemed to constitute a final judgment; *Grzys* v. *Connecticut Co.,* 123 Conn. 605, 607n., 198 A. 259 (1938); *Hull* v. *Thoms,* 82 Conn. 386, 391, 73 A. 793 (1909); unless a motion to set aside is later filed. *Tough* v. *Ives,* 159 Conn. 605, 606, 268 A.2d 371 (1970). General Statutes § 52-263 expressly authorizes an appeal to this court from any final judgment except those specifically excluded. See *Rickey* v. *E. H. Jacobs Mfg. Co.,* 142 Conn. 495, 496, 115 A.2d 336 (1955)." *Pietrorazio* v. *Santopietro,* supra, 512-13. Thus, although the failure to file a motion to set aside the verdict will limit the extent of appellate review afforded, the motion is not a prerequisite to an appeal and thus not a limitation on jurisdiction.

There is no error in either case.

In this opinion the other judges concurred.