JACK GREENGARDEN *v.* IDA KUHN
(4802)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued November 17, 1987—decision released March 1, 1988

*Alfred J. Onorato,* for the appellant (defendant).

*Bernard Green,* with whom, on the brief, was *Susan C. Webb,* for the appellee (plaintiff).

DALY, J. The plaintiff, Jack Greengarden, who did business as Jet Real Estate, commenced this action to recover a real estate brokerage commission from the defendant Ida Kuhn. After a trial to a jury, judgment was rendered for the plaintiff in the amount of $40,600 plus interest of $11,765. The defendant has appealed from the judgment, claiming that the trial court erred (1) in denying her motion for summary judgment, (2) in accepting a verdict in excess of the plaintiff's billing,

and (3) in accepting a verdict which contravenes the public policy of the state. We find no error.[1]

The jury could reasonably have found the following facts. On or about October 4, 1982, the plaintiff and the defendant entered into an open listing agreement for the sale of certain property located in Bridgeport. The property, located at the corner of Main and Vincelleth Streets, was referred to by the parties as "Merritt Canteen." The defendant owned the property, which was subject to a lease to Lorraine Shaw Koehm, who had the first option to purchase in the event that the defendant desired to sell. The contract of the plaintiff and the defendant provided that the defendant would pay a brokerage fee "of 10% of the agreed upon sales price if during the term of this Contract:

"a. The LISTED PROPERTY is sold; by Jet Real Estate.

"b. In the event Jet Real Estate finds a buyer, ready, willing and able to buy the listed property either for the listing price or any other price acceptable to Me/Us.

"c. In the event Jet Real Estate finds a buyer ready, willing, and able to buy the listed property either for the listing price or any other price acceptable to Me/Us and if the present tenant exercises her right of 1st refusal equal to the offer presented by Jet Real Estate less the commission due Jet Real Estate."

On November 1, 1982, the plaintiff produced a buyer who was ready, willing and able to purchase the property on terms and conditions acceptable to the defendant. The terms and conditions were a total purchase price of $405,000, with $250,000 payable by a purchase money mortgage, the remainder to be paid in cash with the understanding that $100,000 would not be shown

---

[1] The plaintiff originally filed a cross appeal which was later withdrawn.

or disclosed on the closing documents. The plaintiff agreed to accept $30,500 as his brokerage commission in connection with the sale. Thereafter, the defendant refused to enter into the agreement and subsequently conveyed the property to Koehm for the stated price of $306,000 with $100,000 paid in cash on the day of the closing.

The plaintiff instituted this action to recover his brokerage commission on April 18, 1983. After a motion for summary judgment filed by the defendant on May 17, 1983, was denied by the court on September 10, the case was tried to a jury. The court rendered judgment on the verdict. The defendant did not move to set aside the verdict.

In her first claim of error, the defendant attempts to appeal from the denial of her motion for summary judgment. This court has held that a denial of a motion for summary judgment is not appealable where a full trial on the merits produces a verdict against the moving party. *Denby* v. *Voloshin Cadillac, Inc.,* 3 Conn. App. 181, 181–82 n.3, 485 A.2d 1360, cert. dismissed, 196 Conn. 802, 491 A.2d 1105 (1985). We see no reason, nor does the defendant suggest any, to depart from this sound policy which allows a decision based on more evidence preclude review of a decision made on less evidence. See *Home Indemnity Co.* v. *Reynolds & Co.,* 38 Ill. App. 2d 358, 366, 187 N.E.2d 274 (1962).

"[A] motion to set aside a verdict is essential for a full review of claims of error in civil jury cases . . . ."[2] *Pietrorozio* v. *Santopietro,* 185 Conn. 510, 515, 441 A.2d 163 (1981). Failure to file such a motion "limits

[2] Maltbie explains the necessity of the motion to set aside in stating: "The procedure in a jury trial has several distinct effects. First, a motion to set the verdict aside operates to delay the rendering of judgment as well as to secure judicial review of the propriety of the verdict." W. Maltbie, Connecticut Appellate Procedure § 198.

our consideration of the issues raised in this appeal to ascertaining whether there has been 'plain error.' " Id.; see also *Geer* v. *First National Supermarkets, Inc.,* 5 Conn. App. 175, 177, 497 A.2d 999 (1985); *Rozbicki* v. *Pelletier,* 2 Conn. App. 87, 88, 476 A.2d 1069 (1984). Here, there was no motion to set aside the verdict, which impacts on the defendant's second and third claims of error.

The defendant's second claim of error is that the trial court erred in accepting a verdict in excess of the plaintiff's billing. Specifically, the defendant argues that the jury was confused and, as a result, rendered its verdict in excess of the $30,500 originally claimed by the plaintiff, along with interest which had not been alleged. We find the defendant's claim unpersuasive. The plaintiff, in his amended complaint, specifically alleges damages in excess of $30,500.[3] In the amended complaint, the plaintiff asked for damages of 10 percent of the purchase price plus 10 percent of the hidden price. The jury verdict of $40,600 comports with this allegation.

As for the interest, the defendant claims that since the plaintiff did not allege interest it should not be granted. It is well established, however, that interest need not be specifically claimed in the demand for damages in order to recover. Practice Book § 140. " 'The allowance of interest as an element of damages is primarily an equitable determination and a matter lying within the discretion of the trial court.' " *State* v. *Stengel,* 192 Conn. 484, 487, 472 A.2d 350 (1984). There

---

[3] Paragraph 10 of the amended complaint states: "The commission due the plaintiff in accordance with the contract authorization is ten (10%) per cent of the sales price on the sale to Lorraine Shaw Koehm which stated in the warranty deed from Ida Kuhn to Lorraine Shaw Koehm to be $306,000. There is, accordingly, due from the defendant to the plaintiff a commission in the amount of $30,600, together with ten (10%) per cent of any portion of the purchase price by Lorraine Shaw Koehm which does not appear of record."

is no plain error in the trial court's determination that interest be considered for damages.

The defendant's final claim is that the failure to disclose $100,000 of the purchase price by the plaintiff's buyer contravened the public policy of the state. Specifically, the defendant claims that the plaintiff's willingness to fail to disclose $100,000 of the purchase price was illegal for the purpose of avoiding tax consequences. This claim is wholly unsupported by the record. Whether the plaintiff had sustained his burden of proof was a matter for the jury to determine. "Every reasonable presumption should be given in favor of the correctness of the jury's verdict." B. Holden & J. Daly, Connecticut Evidence, § 35. This court has noted previously that when plain error standard of review is used "[s]uch review 'is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1986)." *Mozzer* v. *Bush,* 11 Conn. App. 434, 438, 527 A.2d 727 (1987). In the present case, we are unable to find anything resembling plain error.

There is no error.

In this opinion the other judges concurred.