[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE THE VERDICT AND REQUEST FOR REMITTITUR
The defendant seeks to set aside the verdict for a number of reasons. In the alternative, he seeks a remittitur. CT Page 3503
In his motion to set aside the verdict the defendant claims as follows:
1. There was no contract, because there was no offer.
2. The purported agreement was vague as to its essential terms because the parties did not agree upon a specific price.
3. Any agreement between the parties was unsupported by valid consideration.
4. Because the complaint sounds in express contract, it was error to instruct the jury that it could determine damages based on reasonable value of its services.
5. There was insufficient evidence to support a finding that the customs and practices of the Securities Industry warrant a $375,000 commission from the defendant.
1. The court believes there was sufficient evidence to support a valid oral binding contract. At the meeting in Florida the defendant agreed that if the deal went through, he would pay the commission. There was evidence that at a later date there were negotiations as to what the amount of the commission would be. There was further evidence that the defendant agreed to pay $150,000, and the plaintiff agreed to accept that amount. Whether a contractual commitment has been undertaken is ultimately a question of the intention of the parties. "Intention is an inference of fact, and the conclusion is not reviewable unless it is one that the trier could not reasonably make." Otto Contracting Co. v. S. Schinella Son, Inc., 179 Conn. 704, 709, quoting Hydro-Hercules v. Gary Excavating, Inc., 166 Conn. 647, 653. Where the question is whether there is enough evidence for the jury to find the existence of a contract, the question is whether "[u]pon the facts established and the reasonable inferences drawn therefrom, the cumulative effect was sufficient to justify the verdict." Burlington Construction Co. v. R. C. Equipment Construction, Inc., 13 Conn. App. 505, 507.
2. The defendant claims that the purported agreement was vague as to its essential terms because the parties did not agree upon a specific price. It is well-settled that a contract will not be deemed too uncertain or indefinite to be enforced if "the missing terms can be filled in at a reasonable level." Aqueri v. C.F. Wooding Co., 173 Conn. 426, 430 (1977). A contract "will be sustained if the meaning of the parties can be ascertained either from the express terms . . . or by fair CT Page 3504 implication." Aqueri v. C.F. Wooding, supra, at page 430, citing 170; Williston Contracts; J.D. Casper Associates v. Merrimac Associates, Inc., 37 Conn. Sup. 712.
3. The defendant claims that any agreement between the parties was unsupported by valid consideration. The jury was entitled to draw the inference that if the deal went through, the defendant would sustain a benefit. The jury was presented with evidence that, when the plaintiff initially inquired whether either of the developers would be paying the commission, the defendant stated he would pay the commission. From that point forward the plaintiff, to his detriment, did not look to the developers for its "up front" commission.
4. The defendant claims that where there is an express contract, damages cannot be based on reasonable value. The court holds that where there is an express contract, damages may be based on reasonable value of the plaintiff's services. First Hartford Realty Corporation et al. v. Sidney Ellis,181 Conn. 25 Alvarado v. Giedraitis, 33 Conn. Sup. 758
Lavitt v. Aberle, 144 Conn. 723.
5. The defendant claims that there was insufficient evidence to support a finding that the customs and practices of the Securities Industry warrant a $375,000 commission from the defendant. The court does not address that issue because it finds that there was no evidence that the parties agreed that customs and practices would be the test for determining the amount of the commission. On the contrary, the evidence was that in this type of transaction, parties usually negotiate the terms, and in fact, that is exactly what they did. Mr. Newfield testified that at a meeting in Mr. Reale's office the amount of the commission was negotiated, that Mr. Reale offered $150,000, and Mr. Newfield said "fine." The testimony of both Mr. Newfield and Mr. Motschwiller was consistent throughout the trial that Mr. Reale agreed to pay $150,000 and they agreed to accept that amount. No evidence was presented that Mr. Reale knew of the customs and practices of the industry or that he agreed to be bound by them.
In light of the fact that the plaintiff presented no evidence of an agreement that the commission would be based on customs and practices of the Securities Industry, and in light of the plaintiff's extensive evidence of an express agreement to pay $150,000, the court finds that the verdict was excessive as a matter of law.
Accordingly, the court orders a remittitur and enters judgment for plaintiff in the amount of $150,000. CT Page 3505
ALLEN, JUDGE.