[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The sole issue before this court is whether the defendant in a medical malpractice case may raise issues under C.G.S. §52-190a for the first time after a verdict in his favor and more than four months after judgment.
The plaintiff, in his suit against the defendant, Dr. Peter Dodds, alleged negligence in the doctor's failure to diagnose and treat intermittent subacute torsion of the testicle. With the writ, summons and complaint, the plaintiff filed a certificate signed by his counsel intended to comply with the provisions of C.G.S. § 52-190a.[1]
Discovery was conducted in the case and apparently was completed sometime in 1992.[2] The case was tried to a jury with experts for both parties offering their opinions on the conduct of the defendant. A trial resulted in a verdict for the defendant on November 22, 1996. Defendant's counsel had made no motion for a directed verdict. CT Page 8935
By letter dated March 30, 1997 Dr. Dodds sent this judge an ex-parte letter in which he requested the court to ". . . require attorney Casper to produce the findings of his alleged good faith review and reveal the name and qualifications of the reviewer" The court immediately forwarded a copy of the letter to both plaintiff's and defendant's counsel, treated the request as a motion to invoke the provisions of § 52-190a, and, sua sponte, scheduled and held a hearing. Both plaintiff and defendant were represented at the hearing by their trial counsel. In his letter, Dr. Dodds claims that the plaintiff's expert witness, Dr. Selwyn Freed, failed to ascertain correctly the patient's history and the radiographic evidence and therefore testified incorrectly that the defendant's conduct did not meet the standard of care required of him. Because, Dr. Dodds believes, Dr. Freed presented theories of negligence based upon a flawed perception of the history and radiographic evidence, the good faith nature of the52-190a certificate should be questioned.
The first issue which must be addressed by the court is whether or not it has subject matter jurisdiction over this case The jury verdict was rendered and accepted on November 22, 1996, and therefore it is deemed to constitute final judgment as of that day.[3] Pietrorazio v. Santopietro, 185 Conn. 510, 512-513,441 A.2d 163 (1981). Dr. Dodds' letter of March 30, 1997 was more than four months after the day of judgment.
Superior court has jurisdiction, for purposes of postjudgment procedures, over all parties of record until satisfaction of the judgment or, if sooner, until the statute limiting execution has run. C.G.S. 52-350d.[4] Also, C.G.S. 52-212a;[5] and P.B § 326[6] prohibits the opening of a judgment except within four months after it was rendered, unless the court has continuing jurisdiction.
The defendant offers three reasons why this court continues to have jurisdiction of this postjudgment discovery request First, the defendant maintains that he is not seeking to open the judgment, and therefore C.G.S. 52-212a, 52-350d, and P.B. § 326 are inapplicable. The court, however, fails to understand how it can rule in any post-judgment motion, including a request for production, without first opening the judgment. Indeed, even if the defendant's request for this discovery had come within four months of the judgment, which it did not, it would be without jurisdiction to entertain it, unless it had first opened the judgment. No motion to open the judgment was ever filed. CT Page 8936
Defendant's second argument that the court has not lost jurisdiction is that the court should draw an analogy between this request-and a bill of discovery. The response to this is, simply, that the plaintiff has not brought a bill of discovery, and what was presented to the court in both the defendant's March 30, 1997 letter and at the hearing held thereon, does not nearly contain the elements necessary to pursue a successful bill of discovery.[7]
The third reason which the defendant advances for sustaining the continuing jurisdiction of this court is that the court has jurisdiction over the conduct of counsel by virtue of his status as a Commissioner of the Superior Court. A further analysis of § 52-190a is required to address this issue.
The purpose of section 52-190a is clear, that is, to be sure that frivolous law suits against health care providers are discouraged by requiring a claimant or his attorney to obtain an opinion, prior to initiating the action, from a similar health care provider that there has been negligence on the part of the prospective defendant. Any party filing the action, or as in this case the attorney, must make "reasonable inquiry as permitted by the circumstances" to determine there are grounds for a good faith belief that there has been negligence. A written opinion received by the attorney from a similar health care provider will be sufficient to show that such good faith exists. If, "after completion of discovery", the court determines that the attorney's certificate was not made in good faith, it may impose appropriate sanctions. The obvious theory of the drafters is that discovery would tend to uncover evidence that there is "no justiciable issue . . . presented against the health care provider . . ." and that the certificate was not made in good faith. If such is the case, the defendant is permitted at that time to question the validity of the certificate, and the opinion upon which the attorney relied, not otherwise discoverable, may to some extent be subject to discovery. C.G.S. § 52-190a.
In this case, the defendant did not question the validity of the certificate "after the completion of discovery", or indeed at any time prior to the jury verdict and judgment. Significantly, neither did he move for a directed verdict at the conclusion of the evidence.[8] Section 52-190a requires the attorney merely to form a "good faith belief". He is not expected to apply medical knowledge to the opinion he has received, nor evaluate the soundness CT Page 8937 of the opinion. The fact that the opinion itself may be unsound, or incorrect, or that the issue of negligence might be subject to different interpretations, does not in and of itself undermine the good faith of the lawyer. Plaintiff's counsel submitted an affidavit at the hearing on this matter presenting the facts upon which he had based his certificate of good faith[9] Under the circumstances of this case, where the defendant neither challenged the validity of the certificate, nor moved for a directed verdict (apparently believing, as did the court, there was sufficient credible medical evidence to go to the jury) the court has no basis to question the good faith of counsel. It is true that the Superior Court has the authority to regulate the conduct of attorneys, State v. Jones, 180 Conn. 443, 448,429 A.2d 936 (1980); however, there has not been brought to the attention of the court any reason to question the attorney's professional conduct in this case. Finally, the statute in question, as stated above, is intended to discourage frivolous malpractice law suits, not to aid a successful defendant in pursuing, for whatever purposes, similar medical providers who have disagreed, correctly or incorrectly, with the doctor's treatment of the plaintiff.
The court finds that it lacks jurisdiction over the subject matter and dismisses the plaintiff's "motion".
So ordered.
D'ANDREA, J.