[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RULING ON DEFENDANT'S MOTION TO SET ASIDE VERDICT, MOTION FOR REMITTITUR AND MOTION FOR COLLATERAL SOURCE REDUCTION AND PLAINTIFF'S BILL OF COSTS
The defendant moves to set aside the jury's verdict, or in the alternative, for a remittitur. In this personal injury action the jury returned a verdict in favor of the plaintiff, awarding $3,478.55 in economic damages and $80,000 in noneconomic damages for a total verdict of $83,478.55.
I. MOTION TO SET ASIDE VERDICT
In his motion to set aside the verdict, the plaintiff points to a number of evidentiary errors by the court. In reviewing the defendant's claims, this court is guided byPietrorazio v. Santopietro, 185 Conn. 510, 514 (1981) andPrishwalko v. Bob Thomas Ford, Inc., 33 Conn. App. 575, 578
(1994). All of the defendant's claims were properly and timely raised at trial, but rejected by the court.
The defendant first argues that the court improperly permitted the plaintiff to present evidence and to state in closing argument that the defendant failed to request an independent medical examination. The defendant claims that by so arguing, the plaintiff improperly shifted the burden of proof to the defendant. As the court noted in denying the defendant's motion in limine on this issue, the jury would be instructed that the plaintiff bears the burden of proving by a preponderance of the evidence each and every element of his cause of CT Page 4774 action. The jury in fact was so instructed. That the defendant could have, but did not exercise his right to obtain an independent medical examination, is appropriate and fair comment, especially in light of the defense claim that the plaintiff's treating physician's opinion and testimony should be rejected by the jury.
The defendant next argues that the court erred by allowing the police officer to testify that he gave the defendant a verbal warning. The defendant contends that the court's ruling permitted the officer to provide an opinion on the ultimate issue in the case, a responsibility reserved for the jury. The testimony of the officer was offered for and admitted on the issue of the defendant's credibility, not on the question of the defendant's responsibility for the accident. As plaintiff pointed out in support of this offer, the defendant on cross examination stated he did not remember whether he receive such a warning, while in his deposition he flatly denied receiving a warning. Based on that inconsistency and the rule that a party's credibility is always in issue, the court allowed the testimony. Tait LaPlante, Handbook of Connecticut Evidence Sec. 7.18. Furthermore, as Professor Tait point out in his treatise, "The rule that excludes opinions just because they coincide with a jury issue has been universally criticized and has been rejected by Fed.R.Evid. 704." Id. at Sec. 7.17.2. See, also, Connecticut Code of Evidence Sec. 7-3 and commentary.
Defendant next argues that the court erred by allowing the testimony of Dr. William Lewis whom the defendant claims was not timely disclosed as an expert witness. While it is true that plaintiff's formal disclosure was not timely, defendant acknowledged that he had full knowledge that the plaintiff intended to call Dr. Lewis as a witness. Furthermore, the defendant specifically declined the court's invitation to seek a continuance for the purpose of conducting a deposition and was unable to identify the prejudice he suffered as a result of the late disclosure . . . Under these circumstances, the defendant's claim cannot be sustained. Kevin Roche-John Dinkeloo andAssociates v. New Haven, 205 Conn. 741, 749 (1988)
Finally, the defendant argues that the court erred by refusing to admit evidence that Dr. Steven Rosa, plaintiff's chiropractor, is a convicted felon. Dr. Rosa did not testify in person; instead his medical records were admitted pursuant to General Statutes § 52-174. The court concluded that the medical CT Page 4775 records statute was designed to provide an efficient and economical-method for presenting expert testimony and that such purpose was not consistent with the presentation of impeachment evidence. Further, Dr. Rosa was not the principal medical witness in this case. Instead Dr. Lewis testified before the jury. His testimony was fully consiscent with Dr. Rosa's reports and corroborated Dr. Rosa's conclusions. It is thus clear that even if Dr. Rosa's opinion were to have been called into question by the impeachment evidence, the jury nevertheless fully credited the testimony and opinion of Dr. Lewis. Under these circumstances the court concludes that even if the impeachment evidence were improperly excluded, such ruling was not harmful.
For the foregoing reasons, the defendant's motion to set aside the verdict is denied.
II. MOTION FOR REMITTITUR
In the alternative, the defendant moves for a remittitur, arguing that the jury's award of $80,000 in non-economic damages is plainly excessive in the face of the plaintiff incurring $3,478 in economic damages. The standard for evaluating defendant's claim is well established. "[T]he plaintiff has a constitutional right to try to the jury the cause of action alleged in his complaint. This includes the right to have the jury, rather than the court, pass upon the factual issue of damages, when there is room for a reasonable difference of opinion among fair-minded [persons] as to the amount which should be awarded. The question of damages in personal injury cases, especially in these times of changing values, is always a difficult one. Assessment of damages is peculiarly within the province of the jury and their determination should be set aside only when the verdict is plainly excessive and exorbitant. Proper compensation for personal injuries cannot be computed by mathematical formula, and the law furnishes no precise rule for their assessment. The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption."Wochek v. Foley, 193 Conn. 582, 586 (1984) (internal quotations and citations omitted.) CT Page 4776
The court declines to disturb the jury's verdict. The jury was presented with evidence, which it could reasonably credit, that the plaintiff received permanent injuries to his lumbar and cervical spine and that he has a life expectancy of approximately 34 years. It also heard evidence concerning the effect of these injuries on his daily activities, both at work and at home. That evidence must be considered in the light most favorable to sustaining the verdict. While this court might not have awarded $80,000 in non-economic damages, it does not. sit as a seventh juror. Id. Based on the credible evidence presented by both the plaintiff, his wife and medical providers concerning the scope and extent of his injuries, the jury's verdict does not "shock the sense of justice."
III. MOTION FOR COLLATERAL SOURCE REDUCTION
The parties agree that the defendant is entitled to a collateral source reduction in the amount of $1940 pursuant to General Statutes § 52-225a. Accordingly, the plaintiff's verdict of $83,478.55 is reduced by that amount for a total verdict of $81,538.55.
IV. OFFER OF JUDGMENT AND BILL OF COSTS
The plaintiff has moved for an award of offer of judgment interest and approval of his bill of costs. Defendant is provided fifteen days from the issuance of this decision to file a response, if any, to such motions. If no such response is filed, interest and costs will be taxed in accordance with the plaintiff's written requests.
SO ORDERED.
HOLZBERG, JUDGE.