The plaintiff brought this action seeking rescission of a contract to purchase a used automobile and damages arising out of the *Page 626 
defendant's alleged breach of warranty, misrepresentation and violation of statutory provisions including General Statutes 14-62 (7). The plaintiff moved for summary judgment on the third count of the complaint which alleged the defendant's violation of General Statutes 14-62
(7). The court denied that motion and the plaintiff has appealed from that denial.
Section 14-62 (7) requires a used car dealer who sells a motor vehicle to have "stamped or printed in a size equal to at least ten-point bold type on the face of both order and invoice one of the following forms: (a) `This motor vehicle not guaranteed,' or (b) `This motor vehicle is guaranteed,' followed by a statement as to the terms of such guarantee . . . ." The trial court made no finding[1] and we turn to its memorandum of decision to determine the legal conclusions underlying its judgment. Lambrakos v. Carson,174 Conn. 482, 485. From the memorandum of decision it appears that the basis of its judgment is found in the court's statement that "there is a genuine issue of fact as to whether the markings on the documents are in substantial compliance with the statute."
Although the plaintiff concedes in his brief "the absence of a final judgment in this case," he still seeks review claiming that the court's decision as expressed in its memorandum of decision is contrary to the state of our law in Connecticut. He argues that review in the absence of a final judgment is not without precedent and he refers to Lusas v. St. Patrick's Roman Catholic Church Corporation, 123 Conn. 166. In that case the granting of the motion to restore a case to the docket was "not a final judgment from which an appeal could properly be taken." *Page 627 
Id., 167. The plaintiff's reliance on Lusas is misplaced. In Lusas, an unusual case, the Supreme Court said that it "hesitated" to consider the issues, but noted that the appellee, the plaintiff, had not raised the question of finality of judgment and that the issues concerned the right of the court to proceed. Id., 167-68. In the present case the defendant has clearly raised the jurisdictional issue. Moreover, our Supreme Court has recently reaffirmed the usual rule that any appeal which is not from a final judgment must be rejected even though that issue has not been raised by the parties. Guerin v. Norton, 167 Conn. 282,283; Hoberman v. Lake of Isles, Inc.,138 Conn. 573, 574.
The jurisdiction of this court, as set forth in General Statutes 52-6a (Rev. to 1977), is limited to appeals from "any final judgment," subject to enumerated exceptions. In Prevedini v. Mobil Oil Corporation, 164 Conn. 287, 292, our Supreme Court said: "This court has developed a number of standards delineating the requirement of finality. One test is whether the order or action terminates a separate and distinct proceeding. Dewart v. Northeastern Gas Transmission Co., 139 Conn. 512,514, . . . . Another test lies in the effect of an order as concluding the rights of some or all of the parties'; Banca Commerciale Italiana Trust Co. v. Westchester Artistic Works, Inc., 108 Conn. 304, 307. . .; Gores v. Rosenthal,148 Conn. 218, 221. . .; and finally, if the rights of the parties are concluded so that further proceedings cannot affect them, then the judgment is final. State v. Fahey, 146 Conn. 55, 57. . .; Watson v. Howard, 138 Conn. 464, 467. . .; Northeastern Gas Transmission Co. v. Brush,138 Conn. 370, 373 . . . ." See also E.J. Hansen Elevator, Inc. v. Stoll, 167 Conn. 623, 627. The judgment which is involved here does not meet any of *Page 628 
the tests in Prevedini. Where the party against whom judgment is rendered is still in court and the case is open, there is not the requisite finality. State v. Kemp, 124 Conn. 639, 644. This plaintiff is still in court, and rights have not been finally determined. Although the plaintiff's motion was denied, there is no question that the court has the right to proceed. Cf. Lusas v. St. Patrick's Roman Catholic Church Corporation, supra.
 There is no error, this appeal is not from a final judgment and it is therefore dismissed for lack of jurisdiction.
In this opinion PARSKEY and SPONZO, Js., concurred.