PAUL DENBY *v.* VOLOSHIN CADILLAC, INC.
(2099)

HULL, BORDEN and SPALLONE, Js.

Argued November 13, 1984—decision released January 22, 1985

*Daniel V. Presnick,* for the appellant (plaintiff).
*Peter D. Clark,* for the appellee (defendant).

HULL, J. The plaintiff Paul Denby[1] appeals[2] from a judgment on a directed verdict in favor of the defendant, Voloshin Cadillac, Inc., as to liability for damage to the plaintiff's automobile.[3] We find no error.

---

[1] Gwendolyn Denby, mother of Paul Denby and holder of both title to and a purchase money security interest in the automobile in question, is also a party to this appeal. The appellant's own brief speaks only of Paul Denby as a plaintiff, however. Consequently, we also use the singular form here.

[2] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

[3] The plaintiff also attempts to appeal from the denial of his motion for summary judgment. The denial of a motion for summary judgment is not appealable as it is not a final judgment as is required by Practice Book § 3000. *Girard* v. *Carbones Auto Body, Inc.,* 35 Conn. Sup. 625, 403 A.2d

On or about September 7, 1979, unknown persons removed two wheels and tires from the plaintiff's car which he had left in the custody of the defendant auto dealer for the purposes of repair. The plaintiff was informed of the theft and that no further work would be performed on the car until he replaced the missing wheels and tires. Denby did not replace those items and thereafter the automobile was moved to another portion of the defendant's premises for storage. There it was further vandalized.

The plaintiff brought suit alleging that the defendant was liable for the fair market value of his automobile, which had been rendered useless. The four counts of the complaint were based on theories of negligence, bailment, violation of the Connecticut Unfair Trade Practices Act (CUTPA); General Statutes §§ 42-110a through 42-110q; and respondeat superior, respectively.

At the close of the trial, the court directed a verdict for the defendant as to the CUTPA and respondeat superior claims. The jury returned verdicts in favor of the defendant on the negligence and bailment counts, and the court rendered judgment accordingly on February 18, 1983.

The plaintiff claims that the court erred in directing a verdict for the defendant as to the third count.[4] We find this claim to be without merit.

281 (1978); see also *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 627, 356 A.2d 893 (1975).

A fortiori, such an appeal will not lie after an appellant has lost his case on the merits. See *Thomas* v. *Commerford,* 168 Conn. 64, 72, 357 A.2d 476 (1975) (denial of a motion for nonsuit not appealable or assignable as error); *Cinque* v. *Orlando,* 140 Conn. 591, 593, 102 A.2d 532 (1954); Maltbie, Conn. App. Proc. § 118.

[4] The plaintiff has not appealed from the judgment on the directed verdict as to the respondeat superior count. He argues that the motion for a directed verdict was, in fact, a motion to dismiss for failure to make out a prima facie case, pursuant to Practice Book § 302. Though the order result-

Practice Book § 3000[5] requires a party who wishes to appeal from a directed verdict to file a timely motion to set aside the verdict pursuant to Practice Book § 320.[6] An appeal may then be taken from the denial of that motion to set aside the verdict.

In the present case, no motion to set aside the verdict was filed until March 15, 1983, twenty-five days after the judgment had been rendered and one week after this appeal was filed.

Since no timely motion to set aside the verdict was filed and since the present appeal does not arise out of the denial of such a motion, this court is limited to a "plain error" standard of review. *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 515, 441 A.2d 163 (1981);

---

ing from the motion was less than clear, the circumstances make it apparent that such was not the case. Practice Book § 302 only applies to cases tried to the court and motions thereunder can only be made at the close of the plaintiff's case. The present case was a jury trial and the motion was made at the conclusion of the defendant's case.

The trial court rendered the following "Amendment to Judgment File" on May 11, 1984: "The trial court hereby directs a verdict in favor of the defendant on the third count of the complaint." This action merely clarified what the court had done in deleting the third count from the complaint before submitting the matter to the jury.

[5] Practice Book § 3000 states in part: "If any party against whom a verdict is rendered at the direction of the court shall desire to appeal therefrom, he shall, within the time specified in Sec. 320 for filing such motions, file a motion to set it aside and if such a motion is denied, he may appeal from the final judgment and claim as error the refusal to set the verdict aside in the manner provided in regard to other motions to set verdicts aside."

[6] Practice Book § 320 states: "Motions in arrest of judgment, whether for extrinsic causes or causes apparent on the record, motions to set aside a verdict and motions for new trials, unless brought by petition served on the adverse party or parties, must be filed with the clerk within five days after the day the verdict is accepted or judgment rendered, exclusive of such days as the clerk's office is not required to be open for at least two hours; provided that for good cause the court may extend this time. The clerk shall notify the trial judge of such filing. Such motions shall state the specific grounds upon which counsel relies."

*Eagar* v. *Barron,* 2 Conn. App. 468, 472, 480 A.2d 567 (1984). An examination of the record discloses no such "plain error."

There is no error.

In this opinion the other judges concurred.