Lois DeLorenzo *v.* The Great Atlantic and
Pacific Tea Company, Inc., et al.
(2193)

Dupont, C.P.J., Borden and Daly, Js.

Argued May 8—decision released July 30, 1985

*Daniel V. Presnick,* for the appellant-appellee (plaintiff).

*Brian M. Gildea,* for the appellees-appellants (defendants).

Daly, J. The plaintiff brought this negligence action to recover damages for personal injuries she sustained in a fall allegedly caused by the defective condition of a sidewalk under the control of the defendant Great Atlantic and Pacific Tea Company, Inc. (A & P), as tenant, and the defendant Mary Lee Steigler, as owner. The defendants denied the material allegations of the

plaintiff's complaint, and filed a special defense in which they claimed that the plaintiff's injuries were caused by her own negligence. The defendants moved for a directed verdict at the conclusion of the plaintiff's case. The trial court reserved judgment on the motion and submitted the case to the jury. The jury was instructed on the doctrine of comparative negligence and returned a verdict in favor of the plaintiff for $9000, which was reduced 50 percent by the plaintiff's comparative negligence to $4500.

From the denial of her motion to set aside the verdict as being inadequate, the plaintiff has appealed. The defendants have filed a cross appeal from the trial court's failure to direct a verdict in their favor.

The plaintiff claims that the trial court erred (1) in not setting aside the jury verdict as being inadequate, (2) in not setting aside the jury verdict as against the weight of the evidence on the issue of comparative negligence, (3) in giving a supplemental charge to the jury when the jury claimed to be unable to reach a decision, and (4) in not dismissing the jury when it indicated that it was deadlocked.

Since the sole issue which the plaintiff requested the trial court to decide at the hearing on the motion to set aside the verdict concerned the adequacy of the verdict, we confine a full review to that issue.[1]

The question for this court to decide is " 'whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality,

---

[1] By not presenting the other claim to the trial court in that motion, the plaintiff reduced the scope of our review of those claims on appeal to the plain error standard. See *Denby* v. *Voloshin Cadillac, Inc.*, 3 Conn. App. 181, 183, 485 A.2d 1360 (1985). We have reviewed those claims and find that they do not involve plain error.

prejudice, mistake or corruption.' *McKirdy* v. *Cascio,* 142 Conn. 80, 86, 111 A.2d 555 [1955]." *Camp* v. *Booth,* 160 Conn. 10, 12, 273 A.2d 714 (1970); *Marin* v. *Silva,* 156 Conn. 321, 323, 240 A.2d 909 (1968).

On appeal, we determine whether the trial court could legally act as it did in exercising its large discretion, and not whether we would make the same ruling. *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249 (1972). The decision of the trial court will not be disturbed unless there are persuasive reasons. Id., 27. "A mere doubt of the adequacy of the verdict is an insufficient basis for such action. . . . A conclusion that the jury exercised merely poor judgment is likewise insufficient." (Citations omitted.) Id., 28.

The trial court's memorandum of decision indicates that hospital and medical bills totalling $2438.55 were submitted to the jury along with a property damage claim of $500. A 15 to 20 percent disability of the plaintiff's left hand due to this fall was also claimed. The extent of the injuries which the plaintiff sustained was hotly contested, as was the causal relationship between the accident and the injuries claimed.

The extent to which the jury found the plaintiff's evidence on this and other matters to be credible is, of course, unknown. *Campbell* v. *Gould,* 194 Conn. 35, 39, 478 A.2d 596 (1984). The jurors may have concluded that the claimed permanent injury was psychogenic. The jury could reasonably have concluded, on the evidence presented, that the damage award was a reasonable compensation for the injuries sustained by the plaintiff. We conclude that the trial court did not clearly abuse its discretion in refusing to set aside the verdict. *Birgel* v. *Heintz,* supra, 33–34.

The defendants moved for a directed verdict at the conclusion of the plaintiff's case, claiming that there was no evidence of actual or constructive notice of any

defect on the part of the defendants. Thereafter, however, the defendants never filed a motion to set aside the verdict. The scope of our review of the defendants' claim on the cross appeal is, therefore, limited to a plain error standard. *Denby* v. *Voloshin Cadillac, Inc.*, 3 Conn. App. 181, 183, 485 A.2d 1360 (1985).

The jury may well have inferred that the size of the depression in the concrete sidewalk, its proximity to an exit door of the A & P and the absence of debris surrounding it, constituted sufficient evidence of constructive notice to the defendants of its existence. Thus, an examination of the record discloses no such plain error.

There is no error.

In this opinion the other judges concurred.