HOUSING AUTHORITY OF THE TOWN OF WINDSOR
*v.* PINE ASSOCIATES, INC.
(4705)

BORDEN, O'CONNELL and STOUGHTON, Js.

Argued January 6—decision released February 23, 1988

*Raymond A. Garcia,* with whom, on the brief was *Lisa Anderson,* for the appellant-appellee (defendant).

*Thomas F. Parker,* with whom, on the brief, was *Brenda M. Bergeron,* for the appellee-appellant (plaintiff).

O'CONNELL, J. This is an appeal by the defendant contractor, after a jury trial, from the judgment in favor of the plaintiff on its construction contract claim, and on the defendant's counterclaim. The plaintiff also cross appealed. We find no error.

The jury reasonably could have found the following facts. The plaintiff housing authority[1] and the defendant contractor entered into a contract for the construc-

---

[1] The plaintiff, the housing authority of the town of Windsor, is an entity wholly separate and distinct from the town of Windsor.

tion of a thirty unit housing project. The defendant breached the contract by not finishing the project by the completion date or within the numerous extensions granted. The plaintiff expended funds to complete the project and to correct defects in those parts of the project that the defendant had finished.

The jury returned a verdict for the plaintiff for $86,000 on the complaint, and for the plaintiff on the defendant's counterclaim.

The defendant appeals claiming that the trial court erred by instructing the jury that the defendant contractor was not entitled to any damages unless it fully or substantially performed its obligations under the contract, and in its instructions concerning the weight to be given to pleadings from other cases brought by various subcontractors against the defendant, the responsibility for delay in contract completion, the defendant's responsibility for soil and water conditions at the construction site, and the recovery of damages for services and materials furnished to the housing authority by the town. The plaintiff, in its cross appeal, claims that the trial court erred by instructing the jury that the plaintiff could not recover the connection fees charged by the public water system. We find no error on the appeal or on the cross appeal.

I

Although the defendant's claims of error relate exclusively to jury instructions, it has failed to furnish the court with any portion of the transcript as part of the record of its appeal. The defendant argues that the transcript is not necessary and that the appeal can be determined solely by reference to the pleadings and documentary evidence. The defendant is wrong. "It is the responsibility of the appellant to provide an adequate record for review." Practice Book § 4061. "When error is claimed in the charge to the jury, the brief or

appendix shall include a verbatim statement of all relevant portions of the charge and all relevant exceptions to the charge. *Evidence relevant to the claimed error shall be printed in narrative form with appropriate references to the page or pages of the transcript.*" (Emphasis added.) Practice Book § 4065 (d) (2). This case took approximately thirteen weeks to try to a jury. It is simply impossible to gauge the adequacy of the court's jury instructions and to make a determination regarding the seriousness of any error alleged, given the partial vacuum created by the defendant's failure to supply us with an adequate record.

"Because of the defendant's failure to follow even the bare requirements of this rule, we are unable to review his claims directed to the court's charge." *State* v. *Nerkowski,* 184 Conn. 520, 523, 440 A.2d 195 (1981). Accordingly, we find no error on the defendant's appeal.

## II

The plaintiff cross appeals, alleging the court erred in charging the jury that the defendant was not responsible for water connection charges. The plaintiff did not move to set aside the verdict on the grounds of this allegedly erroneous charge. "The scope of our review of the [plaintiff's] claim on the cross appeal is therefore, limited to a plain error standard." *DeLorenzo* v. *Great Atlantic & Pacific Tea Co.,* 4 Conn. App. 560, 563, 495 A.2d 1106 (1985); see Practice Book § 4185;[2] *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 758, 535 A.2d 1292 (1988). Review under the plain error doctrine "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confi-

---

[2] Practice Book § 4185 provides in pertinent part: "The [Appellate Court] may in the interests of justice notice plain error not brought to the attention of the trial court."

dence in the judicial proceedings." *State* v. *Hinckley,*
198 Conn. 77, 87–88, 502 A.2d 388 (1985). The court's
instruction did not constitute plain error.

There is no error on the appeal or on the cross appeal.

In this opinion the other judges concurred.