[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 15, 1986, the plaintiff entered the premises of the defendant in order to do some shopping. She entered an outer door into a small vestibule and proceeded to walk to an inner door. As she walked toward the inner door her left heel got caught in a hole in the rug, causing her to fall. The rug was frayed, appeared to be falling apart, buckled and did not lay down flat. The court finds that the defective condition of the rug caused the plaintiff to fall. The defendant has failed to present any evidence in regard to the condition of the rug at the time of the accident, and the court finds that the evidence presented by the plaintiff in that regard to be credible.
The defendant claims that the plaintiff failed to prove that the defendant had notice of the defect. The court infers, however, that the frayed condition of the rug, its proximity to the inside door, and its proximity to the jewelry counter inside the store constituted sufficient evidence of constructive notice to the defendant. DeLorenzo v. Great Atlantic Pacific Tea Co., 4 Conn. App. 560.
The plaintiff hurt her knees (especially her left knee), ribs and finger in the fall. Her left knee continued to bother her, and in September of 1990 she underwent an MRI evaluation. The MRI revealed a tear in the meniscus which required surgery. According to Dr. Russell Chiappetta, the meniscal tear was the direct result of the fall. One of his reports states that at the time of the arthroscopy (November 11, 1990) it was his feeling that she had had degenerative changes in the knee at the time of the accident, but that "the fall of November 15, 1986 made the asymptomatic, degenerative changes of the knee materially and substantially worse." In another report he states that the anticipated date for maximum medical improvement will be "around September, October of 1991." The medical expenses of the plaintiff were $2,235.33.
Judgment may enter for the plaintiff against the defendants as follows:
 Economic damages (past) $2,235.33 Noneconomic damages (past future) 20,000.00 --------- TOTAL $22,235.33
FRANCES ALLEN SENIOR JUDGE