CECIL YOUNG *v.* MARGARET L. SALOMONE ET AL.
(9302)

DALY, O'CONNELL and HEIMAN, Js.

Argued April 3—decision released May 19, 1992

*Cecil Young,* pro se, the appellant (plaintiff).

*Andrea B. Gaines,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Richard J. Lynch,* attorney general, for the appellee (defendant Catherine King).

HEIMAN, J. The plaintiff in this personal injury action appealed from the trial court's judgment, rendered after a jury verdict, in favor of the defendants.[1] He claims that the trial court (1) improperly restricted his questioning of veniremen, (2) improperly denied his motion for a directed verdict on the issue of governmental immunity, (3) incorrectly charged the jury regarding governmental immunity, and (4) improperly excluded evidence regarding the gender of a person who allegedly named him as a possible carrier of venereal disease. We affirm the trial court's judgment.

The plaintiff instituted the underlying action seeking damages for assault and conspiracy to commit assault, arising out of treatment he allegedly received at the Communicable Disease Clinic in Bridgeport (clinic). The jury reasonably could have found the following facts. The clinic was involved in testing and treating people with communicable diseases at the time of the alleged events that form the basis of this lawsuit. Clinic personnel, in an attempt to locate individuals who were at risk of contracting such diseases, questioned patients regarding the identities of their sexual partners and attempted to contact such partners in order to diagnose and, if necessary, treat them.

On or about March 27, 1984, Catherine King, an epidemiologist employed by the clinic, was told that a clinic patient had named the plaintiff as a sexual partner. As a result, King called the plaintiff and asked him to come to the clinic to be tested for an undisclosed disease. The plaintiff visited the clinic on April 13, 1984, and was interviewed, tested and treated for venereal disease.

---

[1] The defendants at trial were Margaret Salomone, Michelle Lombardi, Victoria White, Florence Kiely, Catherine King, and the coexecutors of the estate of Richard Kasper, Gregory and Nettie Kasper. Although the plaintiff appealed from the trial court's judgment in favor of all of the defendants, he subsequently withdrew the appeal as to Salomone, Lombardi, White, Kiely and the Kaspers. Thus, Catherine King is the sole appellee.

In his complaint, the plaintiff alleged that the defendants, King and other employees of the clinic, had caused him to suffer "physical and mental anguish by subjecting him to unnecessary medical testing and treatment . . . and by falsely informing [him] that he had contracted, suffered from, and was a carrier of incurable venereal disease." On June 17, 1990, after a seven week trial, the jury returned a verdict in favor of the defendants. The trial court rendered judgment on the verdict on June 28, 1990.

The plaintiff raises a number of claims, each of which suffers from a technical defect that precludes appellate review. He first claims that the trial court improperly prohibited him from questioning veniremen regarding whether his race would affect their judgment. The plaintiff has provided no transcript of the jury voir dire. As such, he has failed to sustain his burden of providing us with an adequate record on which to review this claim. See *Housing Authority* v. *Pine Associates, Inc.*, 13 Conn. App. 489, 491–92, 537 A.2d 526 (1988).

The plaintiff next claims that the trial court improperly denied his motion for a directed verdict on the issue of governmental immunity. The file in this case contains no motion for a directed verdict filed by the plaintiff. Likewise, the transcripts filed by the plaintiff do not reflect an oral motion for a directed verdict. Again, appellate review of this claim is foreclosed by the plaintiff's failure to provide us with an adequate record. Id.

The plaintiff next claims that the trial court incorrectly charged the jury regarding governmental immunity. This claim was not preserved for appellate review. The transcripts filed by the plaintiff indicate that on June 7, 1990, he excepted to the trial court's initial jury instructions regarding governmental immunity. The following day, however, the trial court reinstructed the

jury on governmental immunity and told them that the reinstruction was in substitution of its initial instruction on the subject. The transcript filed by the plaintiff contains neither an objection nor an exception to the substituted instruction. Thus, any claim relating to the substituted instruction was not preserved for appellate review. See *Friedlander* v. *Friedlander,* 191 Conn. 81, 90 n.12, 463 A.2d 587 (1983); *Lombardi* v. *Groton,* 26 Conn. App. 157, 161, 599 A.2d 388 (1991).

The plaintiff concludes by claiming that the trial court improperly excluded evidence regarding the gender of the person who allegedly had named him as a possible carrier of venereal disease. King claims that we should not consider this claim because the plaintiff has failed to provide us with an adequate record.

The transcript filed by the plaintiff discloses the following exchange during direct examination of King:

"[Plaintiff's Attorney]: Male person said he was a contact person?

"(Whereupon an objection was made, argument was heard, and the objection was sustained.)"

The transcript further reveals the following:

"[Plaintiff's Attorney]: Is the contact person a male?

"(Whereupon an objection was made and sustained.)

"(Whereupon a lunch recess was taken.)"

The foregoing gaps in the transcript prevent us from ascertaining the grounds on which the objections were made, the nature of any argument presented to the trial court or the grounds on which the trial court's rulings were based. Further, the plaintiff failed to cure these deficiencies by filing a motion for rectification with the trial court. See Practice Book § 4051. Once again, the

plaintiff's failure to provide us with an adequate record precludes review of his claim. See *Petrillo* v. *Maiuri,* 138 Conn. 557, 562, 86 A.2d 869 (1952).

The judgment is affirmed.

In this opinion the other judges concurred.