[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Re Motion to Open and Vacate Judgment (218)
The plaintiff CCF-1 has moved to vacate orders adverse to it entered by the court in connection with its decision on the defendant Allison Gas Turbine Division of General Motors' (Allison) motion for summary judgment. The plaintiff's motion to vacate was filed on June 22, 1995, and was soon followed by a motion to re-argue the orders. The court heard the parties in oral argument, both as to the propriety of the court reconsidering its February 15, 1995 decision, and as to the basis of the plaintiff's claim that substantial issues exist which were not considered by the court in its summary judgment ruling.
The crux of the plaintiff's claim is that the so-called 1990 Settlement Agreement was a novation which extinguished the duties of Sulzer Turbosystems International (STI) and created new duties in the defendant Allison. Since no breach of the latter duties could occur until some time after July 31, 1990, the specific date of the 1990 Agreement, the statute of limitations, it is claimed, is not a bar to the plaintiff's assertion of its claims against Allison.
The plaintiff concedes that the relevant facts underlying its instant argument were known to it but not advanced in its defense of the defendant's motion for summary relief. The plaintiff argues, nonetheless, that the court has discretionary authority to hear its motion and that the interests of justice support a favorable ruling thereon. CT Page 12884
At the time of its consideration of the summary judgment motion both sides submitted extensive memoranda of law and were heard in oral argument. Accordingly, there is ample basis for this court to conclude that the plaintiff, in failing to raise issues known to it at the time in question, waived any present consideration of such issues. Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 785-87 (1995). The court, however, chooses not to adopt this harsh approach.
Whether the plaintiff waived its right even to request the court to vacate its summary judgment order is less clear. Unquestionably, the plaintiff failed to comply with the time constraints of Section 326 of the Practice Book. The court will, however, for the purpose of addressing the issue view its prior ruling as interlocutory and not insulated by the passage of time from further review. The parties are still before the court. Their rights are not entirely concluded, and issues in the case are still open and may be fully litigated. Burger Burger,Inc. v. Murren, 202 Conn. 660, 667 (1987). In this context, "[w]here the party against whom judgment is rendered is still in court and the case is open, there is not the requisite finality."Girard v. Carbones Auto Body, Inc., 35 Conn. Sup. 625,628 (1978).
Apart from the above, however, the court is not persuaded that the 1990 Settlement Agreement should be treated as a novation as the plaintiff urges.
A novation arises when "a new party is introduced into [a]new contract. . . ." Riverside Coal Co. v.American Coal Co., 107 Conn. 40, 44 (1927) (underlining added). It is "broadly defined as a substitution of a new contract or obligation for an old one which is therebyextinguished. 15 Williston, Contracts (3rd Ed. Jaeger) Sec. 1865." Bushnell Plaza Development Corporation v.Fazzano, 38 Conn. Sup. 683, 688 (1983) (underlining added).
While Allison may fit the description of a new party introduced into a contract, the contract itself (i.e., the 1990 Settlement Agreement) is not a new one, at least in terms of warranty accountability. The language thereof sets forth STI's acknowledgment of "continuing warranty responsibility" (p. 3) as created by the Purchase Order, and its release from other obligations is specifically made subject to such responsibility CT Page 12885 (p. 4).
The 1990 Settlement Agreement did not extinguish STI's warranty obligations in favor of an assumption thereof by Allison, and CCF-1's claim of novation is without merit.
The plaintiff-CCF-1's motion is denied.
Gaffney, J.