HENRY L. WIERZBICKI *v.* W. W. GRAINGER, INC.,
ET AL.
(7404)

DUPONT, C. J., SPALLONE and LAVERY, Js.

Argued October 12—decision released December 12, 1989

*Philip T. Newbury, Jr.,* with whom, on the brief, was *Brian A. McKinsey,* for the appellants-appellees (defendants).

*Samuel B. Feldman,* with whom, on the brief, was *Donna M. Case-Rossato,* legal intern, for the appellee-appellant (plaintiff).

SPALLONE, J. The defendants[1] appeal from the judgment rendered after a jury verdict for the plaintiff in

---

[1] The defendants are the Louisville Ladder Division of Emerson Electric Co. and W. W. Grainger, Inc., the manufacturer and the retailer, respectively, of the product at issue.

this products liability action. The plaintiff cross appeals challenging the sufficiency of the verdict.

The defendants claim that the trial court erred in denying their motions (1) for a directed verdict, (2) to set aside the verdict, and (3) for judgment notwithstanding the verdict. The plaintiff, in his cross appeal, claims that the trial court erred in denying his motion to set aside the verdict for inadequacy.

The jury could reasonably have found the following facts. The plaintiff was injured when he fell from an aluminum extension ladder in December, 1984. The plaintiff was descending the ladder when he felt it "bounce," causing him to lose his balance and fall approximately twenty-eight feet to the ground. The right slide guide had separated from the ladder and was found on the ground a few feet from the base of the ladder. The plaintiff sustained numerous injuries as a result of the fall. His medical bills totaled $3962.84 and his lost wages amounted to $12,000.

The plaintiff brought a products liability suit against the manufacturer and the retailer of the ladder claiming defective design. At the close of the plaintiff's case-in-chief, the defendants moved for and were denied a directed verdict. The jury returned its verdict for the plaintiff, expressly finding that the ladder had a design defect, that the defect was the proximate cause of the plaintiff's injuries, that the plaintiff suffered damages in the amount of $100,000, and that the plaintiff's comparative responsibility was 25 percent.[2] Accordingly,

[2] The jury answered the interrogatories submitted to it as follows:

"1. Do you find that the ladder was in a defective condition unreasonably dangerous to the user at the time it was sold because of its design?" Answer, "Yes."

"2. Do you find that the defective condition was a substantial factor in causing the plaintiff's injuries?" Answer, "Yes."

"3. What is the total amount of damages that the plaintiff should receive,

the court rendered judgment for the plaintiff in the amount of $75,000. The plaintiff and the defendants subsequently filed motions to set aside the verdict. The defendants also filed a motion for judgment notwithstanding the verdict. The court denied all posttrial motions, and the parties' appeal and cross appeal followed. We conclude that the claims of error asserted in the appeal and cross appeal are without merit.

The defendants' claims of error, in effect, attack the sufficiency of the evidence. In a products liability action, the plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the plaintiff's injuries. *Zichichi* v. *Middlesex Memorial Hospital,* 204 Conn. 399, 403, 528 A.2d 805 (1987); *Tomer* v. *American Home Products Corporation,* 170 Conn. 681, 689, 368 A.2d 35 (1976). A review of the record and transcript discloses ample evidence to support the verdict for the plaintiff. The plaintiff provided expert testimony from an industrial engineer and a metallurgist to the effect that the slide guide was defectively designed and that it was highly probable that the defects caused the plaintiff's fall. The plaintiff's doctor testified to the extent of the injuries resulting from the fall.

Whether such evidence is sufficient is a question for the jury to decide. *State* v. *Scielzo,* 190 Conn. 191, 197, 460 A.2d 951 (1983). Where, as here, there is evidence to support the plaintiff's cause of action, it must be submitted to the jury for consideration. A directed ver-

---

assuming the plaintiff himself was free from comparative responsibility?" Answer, "$100,000."

"4. Was the plaintiff's own conduct, in one or more ways claimed in the special defenses, a proximate cause in bringing about his injuries?" Answer, "Yes."

"5. If the answer to No. 4 is Yes, what is the percentage of the plaintiff's responsibility, as compared to the responsibility of the defendants?" Answer, "25 percent."

dict in this case would have been inappropriate. The function of the jury is to determine credibility and the effect to be given testimony. *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981); *State* v. *Grant,* 177 Conn. 140, 142, 411 A.2d 917 (1979). It is the jury's right to consider evidence, draw logical deductions and make reasonable inferences from facts proved. *State* v. *Schoenbneelt,* 171 Conn. 119, 126, 368 A.2d 117 (1976); *Dacey* v. *Connecticut Bar Assn.,* 170 Conn. 520, 540, 368 A.2d 125 (1976).

The jury here chose to accept the plaintiff's evidence that the defective product design proximately caused his injuries. The plaintiff presented sufficient evidence to permit the jury to reach its verdict without resorting to speculation, conjecture or surmise. *Toomey* v. *Danaher,* 161 Conn. 204, 207, 286 A.2d 293 (1971). The jury verdict for the plaintiff was based on a determination of issues of fact and cannot be attacked on appeal. *Trzcinski* v. *Richey,* 190 Conn. 285, 295, 460 A.2d 1269 (1983); *Mahoney* v. *Beatman,* 110 Conn. 184, 197, 147 A.2d 762 (1929); *Yeske* v. *Avon Old Farms School, Inc.,* 1 Conn. App. 195, 206, 470 A.2d 705 (1984). The trial court's denials of the defendants' motions to set aside the verdict and for judgment notwithstanding the verdict were proper applications of existing law.

We turn now to the plaintiff's cross appeal challenging the verdict as inadequate. A motion to set aside a verdict must be filed within five days of the acceptance of the verdict by the court. Practice Book § 320; *Coehlo* v. *Posi-Seal International, Inc.,* 208 Conn. 106, 108 n.3, 544 A.2d 170 (1988). In this case, the court accepted the verdict on May 26, 1988, but the plaintiff's motion of June 3, 1988, was not timely filed.[3] Our

---

[3] The defendants brought this to the attention of the trial court at the hearings on the motions to set aside the verdict and thereby properly preserved the issue.

review of the plaintiff's substantive claim is therefore limited to a determination of whether acceptance of the verdict by the trial court constitutes plain error. Practice Book § 4185; *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 758, 535 A.2d 1292 (1988); *Pietrorazio* v. *Santopietro,* 185 Conn. 510, 515, 441 A.2d 163 (1981).

"When our review is limited to the plain error standard, the appellant does not have access to plenary review. Review for plain error ' "is reserved for truly extraordinary situations where the existence of error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985).' " *Small* v. *South Norwalk Savings Bank,* supra, 759, quoting *Kolich* v. *Shugrue,* 198 Conn. 322, 326, 502 A.2d 918 (1986). If this standard is applied, it is clear that the court did not commit plain error in accepting the verdict.

There is no error on either the appeal or the cross appeal.

In this opinion the other judges concurred.