[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On January 27, 1993, plaintiff filed a two count complaint against the Ford Motor Company (Ford), Shaker's, Inc. (Shaker's), and Edic, Ltd (Edic), seeking recovery for injuries sustained in a December 24, 1989, automobile accident. Plaintiff claims that Shaker's was an authorized Ford dealer licensed by Ford to perform repairs, and that Edic was a subsidiary of Shaker's. Plaintiff asserts that she leased a Ford automobile directly from Edic on January 16, 1986, and subsequently returned the automobile repeatedly to Shaker's for repairs of the "apparent braking and/or brake-related problems." Thereafter, plaintiff states that on December 24, 1989, plaintiff was involved in an accident after the brakes malfunctioned while plaintiff was operating the automobile.
Plaintiff asserts a product liability claim pursuant to the CPLA in count one. In this count, plaintiff alleges, inter alia, that: the brakes were defective and in an unreasonably dangerous condition; defendants failed to warn/instruct plaintiff that the CT Page 292 brakes were dangerous; the warnings/instructions which were given were inadequate; defendants misrepresented to plaintiff and the general public that the brakes were safe; defendants failed to disclose to plaintiff and the general public the brakes' dangerous propensities; defendant Ford was negligent in failing to adequately test the brakes prior to marketing and in designing the brakes in a defective manner; Ford knew or should have known of the dangerous characteristics of the brakes and continued to manufacture and distribute the brakes; Ford used improper materials in construction; and finally, defendants breached an implied warranty of merchantability and express warranties that the brakes were safe for their intended use.
Count two alleges a violation of the CUTPA. Plaintiff realleges the entire first count and adds two paragraphs which state that Ford and Shaker's failed to properly repair or replace the defective brakes despite plaintiff's repeated requests to repair, and that the failure of these defendants to repair the brakes substantially impaired the safety of the vehicle and the driver (i.e., plaintiff).
On March 9, 1983, defendant Ford moved to strike count two of plaintiff's complaint on the grounds that the CUTPA claims are improper and precluded by the exclusivity provisions of the Product Liability Act. Ford filed an accompanying memorandum of law. Plaintiff filed a memorandum in opposition to Ford's motion to strike on March 22, 1993. Defendants Shaker's and Edic filed a motion to strike count two of plaintiff's complaint and a supporting memorandum of law on March 22, 1993. On April 2, 1993, plaintiff filed a memorandum in opposition to the motion to strike filed by Shaker's and Edic.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 91
(1985). A motion to strike is the proper vehicle to test the legal sufficiency of a CUTPA claim. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 531, 461 A.2d 1369 (1982). In deciding upon a motion to strike, the trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of the facts not therein alleged. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). If any facts alleged in the pleadings would support a cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). The facts alleged in the complaint are to be construed in a manner most CT Page 293 favorable to the pleader. Biro v. Hill, 214 Conn. 1, 2,570 A.2d 182 (1990).
"A product liability claim . . . maybe asserted and shall be in lieu of all other claims against product sellers . . . ." (Emphasis added) General Statutes 52-572n(a). This "exclusivity provision" has been interpreted by the Connecticut Supreme Court as providing an exclusive remedy for claims falling within its scope. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 562 A.2d 517 (1989); Daily v. New Britain Machine Co., 200 Conn. 562, 571, 512 A.2d 893
(1986). Connecticut superior court decisions are split on the issue of whether the CPLA exclusivity provision bars actions pleaded simultaneously under CUTPA. Touchette v. Smith,10 Conn. L. Rptr. 173 (October 5, 1993, Booth, J.).
One approach interprets 52-572n(a) to prohibit not only common law claims, but statutory claims as well. CUTPA creates a statutory cause of action D'Alfonso v. Suchard, Inc.,4 Conn. L. Rptr. 175, 176 (May 17, 1991, Aronson, J.). Thus, pursuant to this approach, the product liability statute precludes the bringing of a CUTPA action with a product liability action. Grieg v. Koehring Construction Equipment Co., 2 CSCR 511 (April 15, 1987, Noren, J.); Dinardo v. Coronaverden Atkiebo, 2 CSCR 803 (July 9, 1987, Ryan, J.).
A second line of superior court decisions holds that CUTPA claims, arising out of the same transaction or occurrence as a product liability claim, do not come within the purview of the CPLA and are not barred by the exclusivity provision of 52-572n(a). These decisions rely on the distinction between the scope of CUTPA, which deals with unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce, and the scope of CPLA, which addresses the harm caused by the product. Haesche v. Kissner, 4 CSCR 718, 719 (August 15, 1989, Berdon, J.). CUTPA and CPLA violations "are not peas from the same pod, but both acts seek to compensate for different types of harm — CPLA for harm resulting from the defendant's product and CUTPA for harm resulting from defendant's business practices." Id. See Touchette v. Smith, supra; Cunningham v. Chainsaws Unltd., Inc., Superior Court, judicial district of Litchfield, Docket No. 054001 September 11, 1991, Susco, J.); D'Alfonso v. Suchard, Inc., supra; Skeritt v. Sandoz Nutrition Corporation, Superior Court, judicial district of New Haven, Docket No. 305253 (March 26, 1991, Berdon, J.); Morrissey v. Toyotomi America, Inc., 3 CSCR 101 (November 27, 1987, Berdon, J.); Collier v. Bridgehaven Truck Sales, Inc., 2 CSCR CT Page 294 886 (July 22, 1987, Kulawiz, J.)
These decisions hold that a CUTPA claim arising out of the same transaction or occurrence may be pleaded as a separate count in a product liability action. However, "[i]f the cause of action being pressed . . . is essentially identical — in wrongs asserted and in relief sought, — with that being pursued under the PLA, then it comes within the [PLA's] scope and must be precluded." Cristy v. Soft Sheen Products, 8 CSCR 28 (November 13, 1992, Leheny, J.). Thus, the product liablity [liability] statutes prelude any claim that is basically co-extensive with or functionally identical to a simultaneously pleaded product liability claim. (Emphasis added.). Id., citing West Haven School District v. Owens-Corning Fiberglass Corp., 14 Conn. L. Trib., No. 44, p. 23 (D.Conn. November 7, 1988, Nevas, J.). "[A] plaintiff who pleads a CUTPA claim along with a product liability claim must plead separate factual allegations in support of his CUTPA claim. . . ." Estate of Notman v. Ford Motor Company, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 502754 March 4, 1992, Burns, J.).
Pursuant to the "functionally identical" test, the plaintiff must simply plead facts in the CUTPA count beyond those necessary to support a product liability cause of action. Allegations set forth in the product liablity [liability] count, and incorporated by reference into the CUTPA count, that are beyond the allegations necessary to support the product liablity [liability] count, would be sufficient to allow the court to hold that the CUTPA claim is not functionally identical.
To maintain a product liablity [liability] action based on strict liability, the plaintiff must allege that:
(1) the defendant was engaged in the business of selling the product; (2) the product was in a defective condition unreasonably dangerous to the consumer or user; (3) the defect caused the injury for which compensation was sought; (4) the defect existed at the time of the sale; and (5) the product was expected to and did reach the consumer without substantial change in condition. Giglio v. Connecticut Light Power Co.,180 Conn. 230, 234, 429 A.2d 486 (1980). For a product liablity [liability] action based on negligence, plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the injury. Wierzbicki v. W.W. Grainger, Inc., 20 Conn. App. 332,334, 566 A.2d 1369 (1989). CT Page 295
CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Web Press Services Corporation v. New London Motors, Inc., 203 Conn. 342,354, 525 A.2d 57 (1987). A court should employ the following criteria when determining whether a practice violates CUTPA:
(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Economic Development Assoc. v. Cititrust, 6 CSCR 400 (March 27, 1991, Dranginis, J.), quoting Sanghari v. Paul Revere Life Inc. Co., 214 Conn. 303, 311-12, 572 A.2d 307 (1990). "All these criteria need not be satisfied to support a finding of unfairness and a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser degree it meets all three." Id., quoting Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 242, 520 A.2d 1008 (1987).
Plaintiff alleged in both the CPLA and CUTPA counts that the defendants failed to disclose to the general public the dangerous propensities of the brakes and misrepresented to the public that the brakes were safe. These allegations are unnecessary to support a product liability claim, but are sufficient to support a cause of action under CUTPA. Therefore, the defendant's motion to strike is denied. CT Page 296
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 296-O