[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is a products liability action in which the plaintiff, Jacqueline Robidoux, administratrix of the estate of Brian Peterson, seeks damages for injuries sustained by Peterson after he fell through a glass top table sold by defendant Puritan Furniture Mart and manufactured and marketed by defendants Clement Roy, Inc. and The Lane Company, Inc. On September 9, 1992, the plaintiff filed a three-count amended complaint. The plaintiff alleges that on August 16, 1988, Peterson suffered fatal injuries when "the glass top of [his] table broke after [he] sat on it and pulled his girlfriend onto his lap. " The plaintiff further alleges that the table was defective in design, unreasonably dangerous, unsafe for ordinary use, and unaccompanied by adequate warnings as to its defective and dangerous condition.
On December 29, 1993, defendant Puritan [hereinafter "the defendant"] filed a Motion for Summary Judgment, together with a memorandum of law in support of that Motion. The plaintiff has filed a memorandum of law in opposition to the defendant's Motion for Summary Judgment, together with deposition testimony and results of certain tests done by her forensic expert, Michael Shanok, P.E.
 I
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Lees v.Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 592
(1991).
 "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that CT Page 7957 there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burns v. Hartford Hospital, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978)." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982).
Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116
(1990).
 II
"In a products liability action, the plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the plaintiff's injuries." Wierzbicki v. W.W. Grainger, Inc., 20 Conn. App. 332,334, 566 A.2d 1369 (1989). See also Haesche v.Kissner, 229 Conn. 213, ___ A.2d ___ (1994); Sharp v. Wyatt,Inc., 31 Conn. App. 824, 627 A.2d 1347 (1993), aff'd,230 Conn. 12, ___ A.2d ___ (1994). The plaintiff in this case alleges that the glass top coffee table was defective both because the design of the table made it unreasonably dangerous for its intended use and because the defendant failed to give Peterson adequate warnings of that danger.
In support of its Motion for Summary Judgment, the defendant argues that the plaintiff may not recover in a products liability action because: (1) Peterson's injuries resulted from the misuse use of the product; (2) the table was not defective in design; and (3) the propensity of glass to break and cause injury when weight is placed upon it is an open and obvious danger that does not give rise to a duty to warn.
 III
In support of its Motion, the defendant first argues CT Page 7958 that Peterson misused its product. The defendant asserts that "where a plaintiff fails to act as a reasonably prudent person in relation to the use of a product which comes into his control under circumstances imposing strict tort liability on the manufacturer or seller and that conduct is a proximate cause of his injury he cannot recover." Hoelter v. Mohawk Services, Inc., 170 Conn. 495,506, 365 A.2d 1064 (1976). On that theory it argues that because the seating of two adults on a glass table top is not a reasonably prudent act, the defendant cannot be held responsible for Peterson's injuries.
In opposition to the defendant's Motion, the plaintiff denies that Peterson's injuries resulted from a misuse of the product. The plaintiff first claims that when Peterson sat on what seemed to be the stable edge of the metal frame of the table, the table unexpectedly pitched forward, causing him to fall backwards through the plate of glass. Secondly, the plaintiff argues that because a coffee table is a piece of living room furniture, it is reasonably foreseeable that someone might sit on it.
General Statutes § 52-5721 "incorporates what is known as the defense of unforeseeable product misuse, recognized in our common law doctrine of strict liability in tort . . . ." Elliot v. Sears, Roebuck Co., 30 Conn. App. 664,669, 621 A.2d 1371 (1993), aff'd, 229 Conn. 500, ___ A.2d ___ (1994). "`Misuse' occurs when a product is not used `in a manner which should have been foreseen by the defendant.'"Norris v. Heil Co., 203 Conn. 594, 600, 525 A.2d 1332
(1987), quoting Hoelter v. Mohawk Services, Inc., supra,170 Conn. 506. "The concept of misuse concerns an issue of causation and provides a complete defense to liability, regardless of any defective condition, if an unforeseeable and unintended use of the product, and not the allegeddefect, caused the plaintiff's injuries." (Emphasis in original.) Elliot v. Sears, Roebuck Co., supra, 670, quoting States v. R.D. Werner Co., Inc., 799 P.2d 427, 429
(Colo.App. 1990). Where, however, misuse of a defective product "[p]lay[s] only a contributing role in the plaintiff's injuries[,] . . . the principle of comparative responsibility embodied in General Statutes § 52-572 will make a proportionate reduction in, but not a complete bar to, the plaintiff's recovery . . . ." Elliot, supra at 671. CT Page 7959
To prevail on a motion for summary judgment on the defense of misuse, the defendant must therefore demonstrate that there is no genuine issue of material fact both: 1) that the injured party's use of the product in question was unintended and unforeseeable; and 2) that such unintended and unforeseeable use, rather than the alleged defect, caused him to suffer his injuries.
"It is a question of fact for the jury to decide whether [the injured party] comported himself as a `reasonable person' knowing what he knew or should have known." Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509,562 A.2d 1100 (1989). The making of such a determination on a motion for summary judgment is an inappropriate invasion of the province of the jury in all but the most unusual cases, and the instant case does not quality for such extraordinary treatment. Thus the defendant has failed to meet its burden on this aspect of its claim.
Similarly, questions of causation are matters which should ordinarily be left for the decision of the jury, for the issue of causation must typically be decided on the basis of inferences which jurors are peculiarly well suited to draw, and the issue is rarely free from the kind of doubt or inconsistency which is sufficient to raise a genuine issue of material fact. Hughes v. National CarRental Systems, Inc., 22 Conn. App. 586, 590,577 A.2d 1132, cert. denied, 216 Conn. 817, 580 A.2d 57 (1990);Sharp v. Wyatt, Inc., supra at 833. Gaulton v. Reno Paintand Wallpaper Co., supra at 127. "Proximate cause `becomes an issue of law only when the mind of a fair and reasonable person could reach only one conclusion. The question should be submitted to the trier of fact if there is room for a reasonable disagreement.' (Internal quotation marks omitted. ) Hall v. Winfrey, 27 Conn. App., 154, 158,604 A.2d 1334, cert. denied, 222 Conn. 903, 606 A.2d 1327
(1992)." Sharp v. Wyatt, Inc., supra at 835. Here, as on the question of reasonableness, the defendant has failed to make a convincing showing that any misuse of the table in question was the sole proximate cause of the injured party's injuries. For this reason also, the defendant has failed to meet its burden on this aspect of its claim.
IV CT Page 7960
The Court must next consider whether there is a genuine issue of material fact as to the allegedly defective condition of the glass top coffee table. "A product is defective when it is unreasonably dangerous to the consumer or user." Sharp v. Wyatt, Inc., 31 Conn. App. 824,833, 627 A.2d 1347 (1993), aff'd, 230 Conn. 12, ___ A.2d ___ (1994), citing Coe-Park Donuts, Inc. v. RobertshawControls Co., 1 Conn. App. 84, 468 A.2d 292 (1983). Further, "[a] product may be defective because a manufacturer or seller failed to warn of the product's unreasonably dangerous propensities." Tomer v. AmericanHome Products Corp. , 170 Conn. 681, 689, 368 A.2d 35
(1976). To prevail on this aspect of its claim, the evidence submitted along with the defendant's Motion must clearly demonstrate both: (1) that the table in question was not unreasonably dangerous for its intended use; and (2) that the table was accompanied by adequate warnings as to any unreasonable danger associated with its use which an ordinary user or consumer thereof would not appreciate.
 A.
In support of its Motion, the defendant argues that the glass table top cannot be found defective merely because it broke under the weight of two adults. The defendant contends that glass, like a sharp knife, cannot be so made as to avoid all possible injuries or to eliminate all possible risks. The defendant therefore argues that it is entitled to judgment as a matter of law.
In opposition to the defendant's Motion, the plaintiff has offered evidence from her expert, Mr. Shanok, that the table was extremely dangerous and unfit for its intended use. Specifically, the expert has stated: (1) that the glass top of the table was extremely thin — two-tenths of an inch thick — and was therefore likely to break under normal use; (2) that the ability of glass to withstand breakage increases exponentially with its thickness, and would have been greatly reduced if the glass had, for example, been one-half inch thick; (3) that the glass was neither heat tempered nor laminated safety glass; and (4) that if the glass top had been made of safety glass, it would have shattered harmlessly, rather than breaking into large, dangerous shards of the type that injured Peterson. CT Page 7961 On the basis of this evidence, the plaintiff argues that the composition of the glass rendered it unreasonably dangerous for its intended use, and therefore that the table was defective.
"Whether [the product] . . . was unreasonably dangerous `is a question of fact for the jury . . ., and the jury can draw their own reasonable conclusions as to the expectations of the ordinary consumer and the knowledge common in the community at large.'" Elliot v. Sears,Roebuck Co., supra at 671, quoting Giglio v. ConnecticutLight Power Co., 180 Conn. 230, 235, 429 A.2d 486 (1980). The plaintiff, through her expert, has raised a genuine issue of material fact as to whether the type of glass selected for the table top was so dangerous as to render the product defective. On that basis, the Court must also reject the second aspect of the defendant's Motion.
 B.
Though the foregoing determination is dispositive of the defendant's Motion, the Court will also discuss the failure-to-warn prong of the defendant's claim.
The defendant correctly notes that "there is no duty to warn if the plaintiff knows of the danger or if the danger is well known and should be obvious to anyone."Jiminez v. Dreis Krump Mfg. Co., 736 F.2d 51, 55 (2d Cir. 1984). Here, it claims, because the dangers associated with breaking glass are obvious, and the danger that a glass table top will break if two adults sit on it is also open and obvious, the danger associated with plaintiff's decedent's use of the table was not of such a nature as to require special warnings by the table's seller or manufacturer.
In opposition to the defendant's Motion, the plaintiff argues that the specific product here at issue is a glass top living room table, not simply a pane of glass. The plaintiff asserts that this table was supported by a metallic frame, giving it the appearance of stability. The plaintiff further contends that this configuration, rather than revealing an open and obvious danger, communicated an invitation to users to place weight on the edge of the table. CT Page 7962
 The established rule in this jurisdiction is that "[a] product may be defective because a manufacturer or seller failed to warn of the product's unreasonably dangerous propensities. Tomer v. American Home Products Corp. , 170 Conn. 681, 368 A.2d 35 (1976); see also General Statutes 52-572q; Giglio v. Connecticut Light Power Co., 180 Conn. 230, 235, 429 A.2d 486 (1980); 2 Restatement (Second), Torts § 402A. Under such circumstances, the failure to warn by itself, constitutes a defect. See Giglio v. Connecticut Light Power Co., supra, 236; Prosser, Torts (4th Ed.) § 99, p. 659." (Emphasis added; internal quotation marks omitted.) Ames v. Sears, Roebuck Co., 8 Conn. App. 642, 645, 514 A.2d 353, cert. denied, 201 Conn. 809, 515 A.2d 378 (1986).
Sharp v. Wyatt, Inc., supra at 833.
 Whether a product is defective under 52-572q is a question of fact. Subsection (b) of that statute clearly states that "[i]n determining whether instructions or warnings were required and, if required, whether they were adequate, the trier of fact may consider: (1) The likelihood that the product would cause the harm suffered by the claimant; (2) the ability of the product seller to anticipate at the time of manufacture that the expected product user would be aware of the product risk, and the nature of the potential harm; and (3) the technological feasibility and cost of warnings and instructions."
Id. at 834 (Emphasis in original.)
There remains a material issue of fact as to whether the glass table top presented such an open and obvious danger that the defendant owed Peterson no duty to warn, or CT Page 7963 whether the table's apparently sturdy frame concealed that danger. Because the defendant has not met its burden of showing that a fair and reasonable person could reach only one conclusion on that issue, that issue should be submitted to and decided by a jury.
CONCLUSION
For all of the foregoing reasons, the defendant's Motion for Summary Judgment is hereby denied.
Michael R. Sheldon Judge