[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
On September 10, 1990, the plaintiff, Eloise Woods ("Mrs. Woods"), was operating a 1990 Cadillac Coupe de Ville, on Route 15 in Meriden, Connecticut when it suddenly accelerated and went out of control, colliding with abutments on the side of the road.
On September 15, 1992, the plaintiffs, William and Eloise Woods, filed this four-count complaint against the defendants, General Motors Corp. and Thomas Cadillac, Inc., alleging that the accident was caused by a defective condition in the vehicle. Specifically, the plaintiffs allege that the electronic idle was not operating, that the brake pads and drums had a coating of grease which prevented the brakes from working properly, and that the cruise control system could be actioned accidentally. The first two counts set forth theories of negligence, failure to warn, breach of express and implied duties, and failure to adequately inspect and claim damages to Mrs. Woods pursuant to General Statutes §§ 52-572m through 52-572q. Counts Three and Four are claims by William Woods, based on loss of consortium.
On August 28, 1995, the defendants filed a motion for summary judgment with respect to all four counts on the ground that the plaintiffs have not established that the vehicle was defective, a necessary element of the plaintiff's product liability claims. CT Page 603
 I
The defendants argue that in a product liability action, the plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the plaintiff's injuries. In addition, the defendants argue that after the moving party has set forth evidence in support of their motion for summary judgment, the nonmoving party must set forth evidence, including expert testimony, establishing a genuine issue of material fact. Defendants claim that mere assertions of the existence of a genuine issue of material fact are insufficient to refute evidence set forth by the moving party.
The defendants contend that the plaintiffs' expert, in addition to the defendants' expert, did not find that the vehicle's electronic idle, brakes, cruise control, or any other component parts, were defective; that although the plaintiffs' expert found grease on the right rear brake pad of the vehicle, the expert nevertheless concluded that the grease would not have prevented the vehicle from stopping; and that even if the cruise control system was defective, it would not have caused the vehicle to suddenly accelerate. Based on these conclusions, the defendants argue that the plaintiffs have not presented evidence establishing that the vehicle was defective, or establishing a genuine issue of material fact as to whether the vehicle was defective.
Plaintiffs argue that in Connecticut, it is not necessary to establish a specific defect in a product to prevail in a product liability action, and where other identifiable causes are absent, it is only necessary to present circumstantial evidence of an unspecified dangerous condition. In addition, the plaintiffs argue that Connecticut does not require expert testimony to prove that a product was defective but, rather, this is a question of fact which must be determined by a jury.
Turning to the factual claims, the plaintiffs note that Mrs. Woods testified, both in an affidavit and a deposition, that she was operating the vehicle normally when it suddenly accelerated and, further, that when she attempted to apply the brakes to stop the vehicle, they did not respond. The plaintiffs contend, based on their expert's testimony, that a defect in the vehicle could have caused the vehicle to suddenly accelerate and that because they have produced CT Page 604 evidence of a malfunction in the vehicle and have eliminated other identifiable causes for the accident, there is a genuine issue of material fact as to whether the vehicle was defective.
Defendants further maintain that Mrs. Woods' deposition testimony does not eliminate operator error as a possible explanation for the accident and, therefore, the plaintiffs have not established the absence of other identifiable causes for the accident.
 II
To prevail in a product liability action pursuant to General Statutes §§ 52-572m through 52-572q, a plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the plaintiff's injuries.Wierzbicki v. W. W. Grainger, Inc., 20 Conn. App. 332, 334, (1989). Where there is evidence to support the plaintiff's cause of action, it must be submitted to the jury for consideration, and its sufficient is a question for the jury to decide.
In Liberty Mutual Ins. Co. v. Sears, Roebuck Co.,35 Conn. Sup. 687, 690 (1979) the court stated:
 In the field of products liability the focus is on the product and not necessarily on its component parts. The plaintiff must prove that the product is unreasonably dangerous. To be considered unreasonably dangerous the product `must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.
* * *
 Nevertheless, it is not necessary that the plaintiff in a strict tort action establish a specific defect so long as there is evidence of some unspecified dangerous condition.
CT Page 605
* * *
 In the absence of other identifiable causes, evidence of malfunction is sufficient evident of a defect."
In that case, Judge Parskey articulated the rule regarding circumstantial evidence in lieu of evidence of a specific defect within the context of strict liability. Nevertheless, it appears that because the product liability action in Liberty Mutual Ins. Co. v. Sears. Roebuck Co.,
id., was based on theories of warranty, strict liability, and negligence, the rule would seem to apply to all product liability actions, irregardless of whether the action is based on a theory of strict liability. This conclusion is supported by Kileen v. General Motors Corp., 36 Conn. Sup. 347, (1980), as well as the position set forth in 63 Am.Jur.2d 254, Products Liability § 233 (1984), which states
 it has been held that a product may be shown to be defective where it fails to perform reasonably, adequately, and safely in its normal anticipated or specified use, and is unreasonably dangerous to the plaintiff. In this connection circumstantial evidence is admissible to prove the product defective when it left the manufacturer's hands; but the plaintiff, in proving the defect, is not required to eliminate with certainty all possible causes of the accident. It is sufficient if the evidence reasonably eliminates improper handling or misuse of the product by others than the manufacturer, permitting the inference that, more probably than not, the product was defective.
 III
The defendants, in arguing that the plaintiffs must present expert testimony to establish that the vehicle was defective, rely on Shelnitz v. Greenberg. 200 Conn. 58, 1023
(1986) which held in a medical malpractice case that expert CT Page 606 testimony is necessary to establish the standard of proper professional skill or care on the part of a physician, surgeon or other similar practitioner. The court reasoned that "in most such cases a layman does not and cannot have the requisite knowledge as to whether the proper treatment was given, procedure followed, or care used." Although it could be argued that in many cases a layman would not have the knowledge to determine whether a vehicle is defective, we find no Connecticut case which has expanded the requirement of expert testimony to the subject matter of this case. We conclude that in a product liability action, it is not necessary to present expert testimony to establish that a product was defective. This conclusion is supported by 63 Am.Jur.2d 281, Products Liability § 243 (1984) which, although acknowledging the value of expert testimony, states that "the absence of expert testimony is not fatal to proof of a defect where the facts otherwise indicate the strong probability that a defect caused the injury."
 IV
In the present case, the accident was caused by either a defect in the vehicle or operator error. Mrs. Woods attests that in operating the vehicle on September 10, 1990, she was not speeding and that she was not depressing the accelerator pedal and did not intentionally activate the cruise control system or otherwise cause the vehicle to suddenly accelerate. She further attests that although she tried to stop the car by pressing on the brake pedal, the brakes did not respond and she was unable to regain control of the vehicle so as to prevent the accident.
Although the plaintiffs have been unable to identify a specific defect in the vehicle, by affidavit they have arguably eliminated the other identifiable cause for the accident, operator error and circumstantially established that the vehicle was defective and rebutted the evidence presented by the defendants in support of their motion for summary judgment. While the credibility of Mrs. Woods' testimony is a question for the jury, a genuine issue of material fact has been established as to whether the vehicle was defective.
Defendants' motion for summary judgment is denied. CT Page 607
Wagner, J.