[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
The defendant Ford Motor Company moved for summary judgment on counts six and seven, alleging liability against Ford under Connecticut's product liability statute. General Statutes § 52-572m et seq. The basis of the motion was that "the plaintiff has not identified any experts necessary to meet her burden of proof with respect to her claims against Ford." That was the basis on which the motion was granted.
Under Connecticut's product liability statute, a plaintiff must plead and prove that the defendant's product was defective and that the defect proximately caused the injuries complained of. Zichichi v. MiddlesexMemorial Hospital, 204 Conn. 399, 403, 528 A.2d 805 (1987); Wierzbickiv. W. W. Grainger, Inc., 20 Conn. App. 332, 334, 566 A.2d 1369 (1989). A product is defective when it is unreasonably dangerous to the consumer or user. Coe-Park Donuts, Inc. v. Robertshaw Controls Co., 1 Conn. App. 84,86, 468 A.2d 292 (1983). Ford as the moving party sustained its burden of showing that the air bag which the plaintiff's claim caused Illeena Zamfino's injuries was not defective. Celotex Corp. v. Catarett,477 U.S. 317, 325 (1986); Daily v. New Britain Machine Co., 200 Conn. 562,568-69, 512 A.2d 893 (1986). This it did with the affidavit of Joseph CT Page 1464 Wills and deposition excerpt of the named plaintiff. Moreover, the plaintiffs failed to provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact, since they failed to adduce any expert evidence that the air bag was defective. In light of the allegations of the sixth count and the exceptionally complicated nature and regulatory requirements regarding air bags, expert evidence was required. See generally, Tait's Handbook of Connecticut Evidence § 7.5.4. (3rd Ed. 2001).[1]
BY THE COURT
Bruce L. LevinJudge of the Superior Court